L. M. WATERS v. RICHMOND AND DANVILLE RAILROAD COMPANY.

*Evidence—Laws of other States—Consideration—Sunday Laws—Contract.*

1. Courts will not take judical notice of the laws of another State in the Union, or of foreign countries.

2. Where the complaint alleged that the defendant—a common carrier— contracted for a valuable consideration to transport cattle to a place in another State by Saturday, the plaintiff giving as a reason that he desired to get the benefit of the following Sunday prices, and it was proved that the laws of the State where the cattle were to be delivered forbade sales on Sunday: *Held*, that it was not error to refuse to instruct the jury that the contract was based upon an illegal consideration.

3. Evidence of the market price of a commodity on Sunday in a State where business transactions on that day are forbidden will not be heard in support of an action to recover damages for a breach of contract to deliver the goods on that day.

CIVIL ACTION, tried at Spring Term, of ASHE Superior Court, *Bynum, J.,* presiding.

The plaintiff alleged that the defendant entered into a contract with him, by which it undertook, in consideration of the sum of $58.50, to furnish, on Thursday morning, at the town of Taylorsville, in this State, a stock-car capable of holding and transporting thirty-two head of cattle, and would transport and deliver the cattle in the city of Charleston, S. C., on the following Saturday, "so that he (plaintiff) could be ready for the Sunday market, because he had reliable information that beef cattle would be very high at that time, and because, further, it was the best day for sale;" that the defendant entered into the contract with this distinct understanding of the purposes and intention of the plaintiff; that the defendant failed to perform the contract according to its terms, and did not deliver the cattle in Charleston until Sunday after the close of the market, whereby he suffered great damage, etc.

The defendant put in a general denial, and, for a further defence, alleged that the contract was void, because it contemplated a sale of the cattle on Sunday.

The plaintiff, against the objection of defendant, offered evidence of the market price of beef cattle in Charleston on the Sunday next after the day for delivery provided in the contract, and defendant excepted.

The defendant introduced in evidence the general statutes of South Carolina, as follows—

"Section 1632. No person or persons whatsoever shall publicly cry, show forth or expose to sale any wares, merchandise, fruit, herbs, goods or chattels whatever upon the Lord's day or any part thereof, upon pain that every person

so offending shall forfeit the said goods so cried or shown forth or exposed to sale."

And also see section 1631 of said statutes, as follows:

" No tradesman, artificer, workman, laborer or other person whatsoever, shall do or exercise any useless labor, business or work of their calling on the Lord's day, commonly called the Sabbath, or any part thereof, works of necessity or charity only excepted; and every person being of the age of fifteen years or upwards offending in the premises shall for every such offence forfeit the sum of one dollar."

Defendant asked the Court to instruct the jury that sales of property on Sunday, being forbidden by the laws of South Carolina, the jury are not to consider any evidence offered by plaintiff tending to show a market in Charleston, S. C., on Sunday, or the market price on that day, in estimating his damage, if he has sustained any.

This instruction was refused, and the defendant excepted.

The defendant then moved the Court to dismiss the action, on the ground that it appeared from the complaint and the evidence that the contract, the breach of which was complained of, was based on an illegal consideration and was void. This was also refused, and defendant excepted.

There was judgment for plaintiff, from which defendant appealed.

*Messrs. G. N. Folk* and *G. W. Bowers*, for plaintiff.
*Messrs. D. Schenck* and *F. H. Busbee*, for defendant.

SHEPHERD, J.:

1. The defendant moved in this Court to dismiss the action for that on the face of the complaint it appeared that the ultimate purpose of the plaintiff in making the contract sued upon, was illegal, in that he intended to violate the Sunday laws of South Carolina. As a motion of this character is based entirely upon the facts stated in the

complaint, and as it does not appear from the said pleading that the sale of cattle in market on Sunday is forbidden by the laws of the said State, and as we cannot take judicial notice of such laws (*Hooper* v. *Moore*, 5 Jones, 130), it is very plain that the motion must be denied.

2. On the trial below, however, the defendant proved that by the statute laws of South Carolina (General Statutes 1631, 1632) such a sale was unlawful, and it prayed the Court to hold that, from the facts alleged and the evidence, the contract "was based upon an illegal *consideration* and was void." The Court very properly declined to give the instruction, as there is not the slightest illegality either in the consideration or promise. The consideration was the sum of $58.50, and the promise was to transport the cattle so as to reach the city of Charleston on Saturday. We presume that the defendant intended to present the question as to the effect of the alleged *illegal* purpose of the plaintiff, but as this point is not raised by the prayer for instruction, we do not feel at liberty to pass upon it in this appeal. The distinction to which we have adverted is universally recognized, and is clearly expressed by Pollock in his work on Contracts, 317. He says that, "An agreement is the complex result of distinct elements and the illegality must attach to one or more of those elements in particular. It is material whether it be found in the promise, the consideration or the ultimate purpose."

3. The defendant asked the Court to instruct the jury that sales of property on Sunday being forbidden by the laws of South Carolina, the jury are not to consider any evidence offered by plaintiff tending to show a market in Charleston, S. C., on Sunday, or the market price on that day in estimating his damage, if he has sustained any." This instruction was refused, and in this we think there was error. It will be noted that there was no evidence as in McAbsher's case, *ante,* tending to explain the nature of the customary Sunday

transactions at said market, to the effect that the sales were not to be completed on that day, and as such completed sales were prohibited by law, it must follow that there could have been no Sunday market price. The defendant was entitled to the instruction. There must be a new trial.

Error.