*L. M. WATERS v. THE RICHMOND AND DANVILLE RAILROAD COMPANY.

*Common Carriers—Contract, Illegal—Negligence.*

1. A common carrier is not exempt from liability for negligence in transporting passengers or freight, even though the purpose of the shipper or passenger is unlawful and was so known to all the parties, unless the unlawful purpose entered into the consideration of the contract.

2. In an action for damages alleged to have been caused by the failure of a railroad company to ship freight at a time stipulated, it was error to submit to the jury the question of damages caused by the detention *en route* of the freight shipped under a subsequent contract—especially as the complaint did not contain any allegation of a breach in that respect.

CIVIL ACTION, tried at Fall Term, 1891, of the Superior Court of ASHE County, before *Bynum, J.*

A former appeal in this action was decided at February Term, 1891 (108 N. C., 349), when a new trial was granted, after which plaintiff filed an amended complaint, in which it is alleged in substance that the defendant is a corporation

---

*AVERY, J., did not sit on the hearing of this appeal,

duly created by law, owning and operating a line of railroad between the town of Taylorsville, in North Carolina, and the city of Charleston, South Carolina. That on or about the 10th of May, 1888, he was the owner of a lot of cattle which he desired to ship from Taylorsville to the city of Charleston, and in order to reach said city on the Saturday morning following he contracted with the defendant for and in consideration of the sum of $58.50, to furnish on Wednesday night one safe and substantial Richmond and Danville stock-car capable of holding and transporting the said cattle, thirty-two in number, and that the said car should be transported with diligence and dispatch from Taylorsville to Charleston, and reach the latter place on Saturday morning. That the defendant, at the time of making the said contract, was distinctly and plainly informed that the plaintiff desired to reach Charleston on Saturday to be ready for the Monday market. That the defendant neglected and failed to perform and comply with said contract, and by reason of said neglect and failure the plaintiff sustained $350 damage, and he demands judgment for the same, and for costs, etc.

The defendant answered, admitting that it was a corporation as alleged, but denying all the other allegations *seriatim*, and for a further defence alleged:

" 1. That, as it is informed and believes, a cattle car of a kind in constant use on its road was tendered to the plaintiff on his arrival at the town of Taylorsville and refused by him.

2. That, as it is informed and believes, it was Sunday market in Charleston which plaintiff desired to reach, and this information is obtained partly from the sworn statement of plaintiff in his original complaint, and, as it is advised and believes, the law of South Corolina prohibits the sale or offering for sale of any property in said State on Sunday.

3. That plaintiff's cattle were shipped by defendant from Taylorsville within a reasonable time from their delivery at its depot."

This answer was duly sworn to.

Upon the trial the plaintiff offered in evidence the verified answer of the defendant in the original action, and afterwards the defendant put in evidence the original verified complaint of the plaintiff, which are set out in full in the record. Much other evidence was offered, to which there were many exceptions.

At the close of the evidence the defendant asked in writing twenty-one special instructions, eight of which were refused, and exceptions entered by defendant; but only two (the second and twenty-first) seemed to be insisted upon by counsel in his brief for defendant. The second prayer for instructions was as follows:

"If the jury believe the evidence of the plaintiff himself, he had in his mind at the time of making the contract the purpose to expose his cattle to sale on Sunday, and communicated this purpose to the defendant, and the contract, if made, was void, and the plaintiff is not entitled to recover."

Instruction refused, and defendant excepted.

*Messrs. G. V. Strong* and *G. W. Bower,* for plaintiff.
*Mr. G. F. Bason,* for defendant.

DAVIS, J.—after stating the case: When this case was before us on the former appeal (108 N. C., 349) the Court said that the Judge below very properly declined to give the instruction that the "contract was based upon an illegal consideration and was void, * * * as there is not the slightest illegality, either in the consideration or promise. The consideration was the sum of $58.50, and the promise was to transport the cattle so as to reach the city of Charleston on Saturday. We presume that the defendant intended to pre-

sent the question as to the effect of the alleged illegal pur-
pose of the plaintiff, but as the point is not presented in the
prayer for instruction we do not feel at liberty to pass upon
it in this appeal." The question which the Court declined
to pass upon, because not presented by the prayer for instruc-
tion, is now directly presented by the prayer, but there is no
issue to which the prayer for instructions is applicable.
There was no objection to the issues framed, and none was
tendered as to the purpose of the plaintiff with regard to the
sale of cattle on Sunday, or of the knowledge of the defend-
ant of his purpose, but there was evidence tending to show
the plaintiff's illegal purpose to sell on Sunday, and that
that purpose was communicated to the defendant. The jury
were instructed, at the request of the defendant, that "if the
plaintiff had in his mind, at the time of making the alleged
contract, the purpose to sell his cattle or expose them for sale
in Charleston on Sunday, and communicated his purpose to
the defendant, and the contract was made with this under-
standing, then it is void and the plaintiff is not entitled to
recover;" and we think this instruction was fully as liberal
as the defendant was entitled to bearing upon the illegality
of the contract; and though the question was not presented
by any issue, we deem it proper to say that railroad compa-
nies are public carriers of passengers and freight, and they
cannot exempt themselves from liability for damages by
reason of the fact that freight is to be used for some illegal
purpose at the point of destination, or that the object of the
passenger is to do some illegal act at the point of destination,
even if the railroad company had knowledge of the illegal
purpose, unless that illegal purpose was the consideration
and inducement of the contract. The railroad company has
no right to say to the passenger or to the shipper, "I will not
transport you or your freight, for it is your purpose to do
some unlawful act," but if it makes some special contract,
not in the regular order of transportation, as, for instance, to

furnish a special train to passengers to go to a particular point to engage in a prize fight, the contract will be illegal and void, and no action could grow out of it. An illegal contract furnishes no ground, in law, of action; but the railroad is not exempt from liability for negligence, even though the purpose of the shipper or passenger be illegal, unless the illegal purpose enter into the consideration of the contract of transportation.

The twenty-first prayer for instruction which the Court refused to give was: "Plaintiff can recover nothing for the drift at Columbia nor for his expenses there, and nothing for the drift at Taylorsville, except for such as would have occurred notwithstanding good care and attention." It is in evidence that the cattle were shipped, but not under the contract for the breach of which this action is brought. The plaintiff himself testified, "I shipped my cattle on a written contract different from the one first made." There is no allegation in the complaint of any breach of the written contract under which the plaintiff shipped his cattle, nor of any damage by reason of detention in Columbia. The written contract under which the cattle were shipped was made, according to the evidence, after the plaintiff reached Taylorsville, and after the breach of the parol contract, for the breach of which this action is brought, and his Honor erred in refusing the last instruction.

Error.