STATE v. JAMES WOLF.

(Decided April 19, 1898.)

*Indictment for Forgery—Forgery—Intent—Instructions.*

1. A fraudulent intent is a necessary ingredient in the offense of forgery.
2. A charge that signing the name of another without authority is forgery, without stating that it must be done with fraudulent intent, is erroneous.

INDICTMENT for forgery tried before *McIver, J.,* and a jury at January Term, 1898, of CABARRUS Superior Court.   The indictment was as follows:

"The jurors, etc., present that defendant, etc., did willingly, falsely, and feloniously utter, publish, and show forth in evidence as true a certain other forged, false, and counterfeited instrument in writing, purporting to be a mortgage, etc., as follows:   "Dec. 4, 1897, I bought a cow from Emma Wolf, and gave her $15,

and paid her $6, and gave her a mortgage on the cow for the balance, and she is a little Jersey cow with a bob tail; and I cannot write, and I told him what to write, and he did as I told him to do, but I promise to pay her on the 10th or 11th of December without fail; and I went and looked at the cow for myself, and was satisfied and was willing to take her and pay for her. [Signed by Mr. B. O. Atwell and Mrs. B. O. Atwell by X mark and by Emma Wolf]."—with intent to defraud, etc., contrary, etc."

The evidence was that the name of the prosecuting witness was Richard O. Atwell. There was evidence tending to show that the defendant's wife, Emma Wolf, on the 4th of December, 1897, had sold to the prosecuting witness and his wife the cow described above for $15, of which $6 was paid in cash, and the balance of $9 was to be paid on or before the 10th or 11th of December; that neither the prosecuting witness nor his wife could read or write, and that the prosecuting witness and his wife authorized the defendant to sign for them a duebill for the $9 balance of purchase money; that said paper writing was written and signed without the knowledge or consent of the prosecuting witness. The court, after giving the definition of "forgery" and reciting the evidence, told the jury "that, if they were satisfied beyond a reasonable doubt that the defendant signed the names of B. O. Atwell and Mrs. B. O. Atwell to the paper writing purporting to be a mortgage, without being authorized by the prosecuting witness or his wife, they should return verdict of guilty." Verdict of guilty. Judgment. Appeal by defendant.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Mr. W. G. Means* for defendant (appellant).

STATE v. WOLF.

FAIRCLOTH, C. J.: This was an indictment for forgery in signing the names of the prosecuting witnesses to what purports to be a mortgage without their authority "with intent to defraud," etc. There was evidence that neither the prosecuting witness nor his wife could read or write, and that they both authorized the defendant to sign for them a duebill for the $9 balance of purchase money. The court, after defining forgery and reciting the evidence, told the jury that "if they were satisfied beyond a reasonable doubt that the defendant signed the names of B. O. Atwell and Mrs. B. O. Atwell to the paper writing purporting to be a mortgage without being authorized by the prosecuting witness or his wife, they should return a verdict of guilty." This charge is erroneous in that it fails to state that if the signing of the mortgage was done "with intent to defraud, etc," then the verdict should be guilty.

The bill charges a fraudulent intent, and that is a necessary ingredient in the offence of forgery. The Judge below failed to state the law correctly, and the omission was calculated to mislead the jury. If the court simply omits to give an instruction which it has not been requested to give, perhaps the defendant could not complain; but when the Judge undertakes to state the law he must state it correctly, and an omission of an essential ingredient is a *misdescription*. The court must administer the law correctly, and an admission of counsel would not excuse an error in expounding its principles to the jury. *State* v. *Austin*, 79 N. C., 624.

The parties were illiterate, and as the defendant was authorized to sign a note for the parties he may have signed the mortgage in good faith. One of the prosecuting witnesses testified: "I told him what to write and he did as I told him to do." These were matters

for the jury under a correct charge of the law in such cases. This was the only exception relied upon.

New trial.