## M. M. JONES v. T. L. BLAND ET AL.

(Filed 21 September, 1921.)

**1. Negligence—Hotels—Guests—Invitee—Ordinary Care.**

Where one enters a hotel as an invitee of a guest, the owner or proprietor owes him the duty of ordinary care for his safety.

**2. Same—Prima Facie Case—Res Ipsa Loquitur.**

Where there is evidence tending to show that the plaintiff was an invitee at the defendant's hotel and received the injury complained of by falling through an open door in the elevator shaft, while *going to* the room of the guest who had invited him, such injury not ordinarily occurring, in the exercise of proper care, and the elevator being under the sole control and management of the hotel, raises a *prima facie* case of defendant's negligence under the doctrine of *res ipsa loquitur.*

**3. Same—Instructions—Burden of Proof—Evidence—Appeal and Error.**

Where an invitee of a hotel has made out a *prima facie* case of negligence in his action against the proprietor, under the doctrine of *res ipsa loquitur,* this alone would justify a verdict in plaintiff's favor on that issue, the burden of the issue remaining with the plaintiff, but it is reversible error for the court to place the further burden on plaintiff to show by affirmative proof the special grounds of negligence attributable to defendant.

**4. Same.**

Where an invitee of a hotel has been injured by falling through a door left open in a passenger elevator shaft, and a *prima facie* case of negligence has been established, it is reversible error for the trial judge to charge the jury that in order to recover the plaintiff must show further by affirmative proof that the elevator was either in charge, at the time of the injury, of an employee of the defendant's hotel, or had been left open by another for a sufficient time for the proprietor to have discovered it in time, in the exercise of ordinary care.

**5. Same—Trespasser—Licensee—Wanton or Willful Injury.**

An invitee of a hotel loses his character as such when on the premises for the unlawful purpose of gambling at cards in the room of a guest, and when he has been injured while on the premises and on his way for this unlawful purpose, the only duty owed him by the owner or proprietor is not to willfully or wantonly injure him, of which the trial judge properly held there was no evidence in this case.

**6. Same—Scope of Invitation.**

Where one enters a hotel at the invitation of a guest for the unlawful purpose of going to his room to gamble, he is beyond the scope of an invitee of the hotel, and becomes a trespasser or mere licensee, and as such may not recover of the proprietor for an injury received by him in falling through an open door in the elevator shaft when the carriage was at some upper portion of it, by the mere failure of the employees of the hotel to exercise ordinary care for his safety.

APPEAL by plaintiff from *Allen, J.,* at the April Term, 1921, of BEAUFORT.

The action is to recover damages for the alleged negligence of T. L. Bland, proprietor of Hotel Louise, and another, in leaving open the elevator shaft leading off the hotel lobby and into which plaintiff fell, receiving serious, painful, and enduring injuries. There was denial of liability and plea of contributory negligence on part of plaintiff. On the trial there was evidence tending to show that on the afternoon of 23 January, 1918, about 3:30 p. m., plaintiff was invited into said Hotel Louise by W. B. Troy, a boarder at the hotel, and the two were going up to the room of said Troy on the fourth floor of the building; that it was a dark, cloudy day, the elevator being behind the stairs, shutting off much of the light that existed, and the elevator shaft from its placing and color of paint was such that plaintiff was unable to discern whether carriage was in place, and believing it was, stepped into the open door, falling to cement floor of the basement, a distance of nine to eleven feet and causing painful and permanent injuries from which he is still suffering, and greatly hindered in his ability to work.

It was proved that the carriage of the elevator at the time was at one of the upper floors, where it had been taken by some one, and that the door on the lobby floor was open. It was also shown that Mr. Troy, the

inmate of the hotel, had been sick and confined to the house for about a week, and there were facts on evidence permitting the inference that it was the purpose of Troy in calling plaintiff into the building and of the two in going to Troy's room to play cards for money at a fine of 10 cents limit, involving a loss of 25 or 50 cents, etc. There were submitted the three ordinary issues as to the negligence of defendant, contributory negligence of plaintiff, and damages, and the court having charged the jury, there was verdict for defendant on the first issue. Judgment for defendant, and plaintiff excepted and appealed, assigning errors.

*Daniel & Carter for plaintiff.*
*Robert Ruark, Small, MacLean, Bragaw & Rodman, William B. Campbell for defendants.*

HOKE, J. It is earnestly urged for error that his Honor charged the jury in part on the first issue that if they should find that Jones and Troy were on the way to Troy's room for the purpose of playing cards for money they should answer the first issue for defendants, the objection being that such unlawful purpose, even if established, could in no legal sense be considered as the proximate or contributing cause of plaintiff's injury. As an abstract proposition, considered entirely apart from the proprietary rights of the defendant as owner and in the management of the property, the position embodied in this objection should be upheld. In *Sutton v. The Town of Wauwatosa,* 29 Wis., 1, *Chief Justice Dixon,* in an opinion of great force and learning, approves and sustains the principle that "the fact that a plaintiff at the time he suffers injury to his person and property from the negligence of the defendant was doing some unlawful act will not prevent a recovery unless the act was of such character as would voluntarily tend to produce the injury." That is, unless the very unlawfulness of the act would have that tendency. And the principle so stated is fully recognized in this State as in accord with the better considered authorities on the subject. *Ferrell v. R. R.,* 172 N. C., 682; *McNeill v. R. R.,* 135 N. C., 682; *Waters v. R. R.,* 110 N. C., 338; Watson on Damages for Personal Injuries, sec. 230 *et seq.* to sec. 237.

A judge's charge, however, must be considered and interpreted in reference to the material facts submitted for his decision, and on this record it appears that defendant is the owner and proprietor of the hotel where the incident occurred, and plaintiff is insisting upon the position that he was there at the time on the invitation of a guest of the hotel, and has been injured in breach of the duty owed to one in that

position. In the case suggested, and without more, it is very generally held that such a one, termed an invitee, is entitled to the duty of ordinary care from the proprietor and his employees, but the principle does not extend to a claimant who enters a hotel for an ulterior purpose and who, going beyond the scope and purpose of the invitation, wanders into some remote portion of the premises not covered by the same, and where there is no reason to expect him to go. Under such circumstances he loses the position of invitee and the privileges incident to it, and is to be considered a trespasser or mere licensee, towards whom no duty is owing except not to willfully or wantonly injure him. *Money v. Hotel Co.,* 174 N. C., 508; *Monroe v. A. C. L. R. R.,* 151 N. C., 374; *Quantz v. R. R.,* 137 N. C., 136; *Glaser v. Rothschild,* 221 Mo., 180, reported also in 17 A. & E. Anno. Cases, 576; *Ryerson v. Bathgate,* 67 N. J. L., 337; *Reardon v. Thompson,* 149 Mass., 267; *Plummer v. Dill,* 156 Mass., 426; *Zoebish v. Tarbell,* 10 Allen, 385. And the principle as stated should clearly prevail where under the guise of an invitee the claimant has entered or remains upon the premises for an unlawful purpose, assuredly so where the proprietor has not knowledge of such purpose and takes no part therein. *McGhee v. Norfolk & Southern,* 147 N. C., 142; *Newark Electric, etc., Light Co. v. Gordon,* 78 Fed., 74; 1st Thompson on Negligence, sec. 969.

In the last citation the position is stated as follows: "The distinction is that the person coming on the premises to whom this duty of care is due must not come as a mere trespasser or wrongdoer, but for some purpose lawful in itself, and such as the owner or occupier might reasonably expect to bring him there."

As applied to the facts of this record, therefore, his Honor correctly charged the jury that if claimant was going to the room for the unlawful purpose of gambling they should answer the issue as to defendant's negligence No, and he gave the right reason for it. "For in such case there would be no duty owing to him except not to willfully or wantonly injure him." *Emry v. Navigation Co.,* 111 N. C., 94. And he was correct also in holding that there were no facts in evidence to justify a finding of that character. There being no claim of willfulness and wantonness, in this connection being negligence so gross as to manifest a reckless indifference to plaintiff's rights. *Everett v. Receivers,* 121 N. C., 519.

The appellant excepts further that the court charged the jury as follows:

"The burden is on the plaintiff to satisfy you by the greater weight of the evidence that Shepard, the boy in charge of the elevator, or whoever was in charge of it, left the door open or that if opened by some one

other than an agent or employee of defendants, that defendants knew it or that it remained open long enough for them, in the exercise of ordinary care, to have discovered it, and if plaintiff has failed to so satisfy you of these facts, you will answer the first issue 'No.' "

The court is dealing here with the general question of defendant's negligence as involved in the first issue and on the assumption that plaintiff was an invitee on the premises and entitled to the duty of ordinary care. In this aspect of the case he so instructed the jury and correctly charged them further that the burden of the issue was on the plaintiff and in effect that he was required to establish a breach of duty towards him, the proximate cause of his injury. Going further and referring to some of the contentions of the parties, he gave the instruction excepted to as a further rule to guide the jury in their deliberations, and in this we think there was error to appellant's prejudice which entitles him to a new trial. It will be noted that his Honor is here charging the jury as to the burden of proof, telling them in terms that to find the issue for plaintiff the burden is on him to show by greater weight of evidence either that the employee of defendant left the door open or if done by a third party, it had remained open so long that defendant should have discovered it.

In this aspect of the case there are facts tending to show, and they are without substantial contradiction, that on 23 January, 1918, about 3:30 in the afternoon, plaintiff, an invitee on the hotel premises, walked into an elevator shaft, opening on the lobby, and fell to the cellar, eleven feet below, receiving permanent and painful injuries from which he still suffers, and disqualifying him to a great extent from active labor in his calling; that it was a dark afternoon, sleet was falling, and from this cause and the color of the paint and intervening obstructions to what light was prevailing on the outside, the place was so dark that ordinary observation did not disclose the opening or absence of the elevator carriage; that the door leading into lobby where plaintiff was at the time had been left open, or was open, and the elevator carriage was at one of the upper stories. If these facts are accepted by the jury, and, as stated, they are not challenged in the record, a *prima facie* case of negligence is made out which would justify the jury in finding a verdict on the issue against the defendant without further proof. It is the accepted position here and elsewhere "that where a thing which causes an injury is shown to be under the management of the defendant, and the occurrence is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care." This was held in the recent cases against the Texas

Company, reported in 180 N. C., 546-561, and the principle has been approved and applied in many of our decisions on the subject. *Fitzgerald v. R. R.,* 141 N. C., 530; *Stewart v. Carpet Co.,* 138 N. C., 60; *Womble v. Grocery Co.,* 135 N. C., 474; *Haynes v. Gas Co.,* 114 N. C., 203; *Aycock v. R. R.,* 89 N. C., 321; *Sweeney v. Erving,* 228 U. S., 233; *Cincinnati Traction Co. v. Holzenkamp,* 74 Ohio St., 379, reported· also in 113 Am. St., 980, with an informing and helpful note on the subject. Labatt on Master and Servant, sec. 834. In the citation to Labatt, quoted with approval in *Womble's case,* it is said: "The rationale of the doctrine, spoken of in the cases as *res ipso loquitur* is that in some cases the very nature of the occurrence may itself, and through the presumption it carries, supply the requisite proof. It is applicable when under the circumstances shown the accident presumably would not have happened if due care had been exercised. Its essential import is that on the facts proved the plaintiff has made out a *prima facie* case without direct proof of negligence. The doctrine does not dispense with the rule that the party who alleges negligence must prove it; it merely determines the mode of proving it, or "what shall be *prima facie* evidence of negligence." And a clear and accurate statement of the position will be found in the case of *Stewart v. Carpet Co., supra.*

In *Fitzgerald's case* the opinion cites an English decision on the subject, as follows:

"In *Scott v. Dock Co.,* 3 Hurl. & Colt, the plaintiff proved that while conducting his duties as custom officer, he was passing in front of a warehouse in the dock yard and was felled to the ground by six bags of sugar falling upon him, and the principle is declared as follows: 'There must be reasonable evidence of negligence, but when the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from want of care.'"

And again a case from New Jersey is referred to with approval as follows: "In *Sheridan v. Foley,* 58 N. J. Law, 230, it is said: 'It is urged, however, on behalf of the defendant that the plaintiff was bound, in order to entitle him to a verdict, to prove affirmatively that the injury which he received was caused by the negligent act of the defendant or of his servants; that the mere proof that the plaintiff was injured by a brick falling from the hod of one of the defendant's hod-carriers, or from a scaffolding upon which some of the employees of the defendant were engaged in laying a wall, does not, standing alone, raise any presumption of negligence; and that, as there was no evidence offered to

show under what circumstances the brick fell, there was nothing in the case to warrant the jury in inferring that the injury complained of was the result of carelessness of the defendant or of his employees. While it is true, as a general principle, that mere proof of the occurrence of an accident raises no presumption of negligence, yet there is a class of cases where this principle does not govern—cases where the accident is such as, in the ordinary course of things, would not have happened if proper care had been used. In such cases the maxim *res ipsa loquitur* is held to apply, and it is presumed, in the absence of explanation by the defendant, that the accident arose from want of reasonable care.' "

On the record, therefore, in charging the jury that in order to render a verdict for plaintiff on the first issue, the burden was on him to show by a preponderance of the evidence either that the boy in charge of the elevator left the door open, or if opened by some other than an agent of plaintiff, that defendant knew it or it had been open long enough for them to have found it out in the exercise of proper care, the court, in our opinion, was putting on plaintiff a greater burden than is warranted by the proper application of the principle referred to. It no doubt made the impression upon the jury that in order to a verdict on first issue, plaintiff was required to offer direct and affirmative proof of the facts suggested, whereas the jury, if they so determined, or in the absence of satisfactory explanation, were well warranted in finding negligence from the objective and attendant facts of the occurrence without such affirmative proof.

In many cases on the subject these passenger elevators are likened to railroad carriers of passengers in which there is a presumption of negligence arising from an unexplained injury. *Edwards v. Mfg. Co.,* 61 R. I., 646; *Oberfelter v. Doran,* 26 Neb., 118; *Fox v. Philadelphia,* 208 Pa. St., 207. But in this jurisdiction the objective facts similar to those presented here, as shown in Stewart's and Womble's decisions, only make out a *prima facie* case of negligence and justifying a verdict without further or direct and affirmative proof. Having undertaken to lay down the rule as to the burden of proof, it should have been done correctly, and no prayer for instructions was required. *S. v. Wolf,* 122 N. C., 1079-1081; *Bynum v. Bynum,* 33 N. C., 632.

For the error indicated, plaintiff is entitled to a new trial of the issues, and it is so ordered.

New trial.