STATE v. E. Z. EUNICE.

(Filed 26 October, 1927.)

**Criminal Law—Larceny—Instructions — Felonious Intent — Appeal and Error—New Trials.**

Where the evidence is conflicting upon a trial for larceny, the burden of proof is on the State to show beyond a reasonable doubt the legal elements of the offense charged, and that it was done with a felonious intent, and an instruction which fails to so charge the law thereon is reversible error.

CRIMINAL ACTION, before *Sinclair, J.,* at March Term, 1927, of ONSLOW.

The defendant was indicted for the larceny of $31 in money from the prosecuting witness. The evidence tended to show that the defendant went to the house of the prosecuting witness to sell her a coat. She testified: "He kept wanting me to try the coat on. He pulled money out of my pocket and left . . . grabbed money out of pocket and left."

The defendant was convicted and sentenced to work six months on the public roads, from which judgment he appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Summersill & Summersill, Ward & Ward and G. V. Cowper for defendant.*

BROGDEN, J. The chief exception is to the failure of his Honor to properly charge the jury. In the beginning of his charge the trial judge instructed the jury that: "In order to convict him the law places the burden on the State to satisfy you beyond a reasonable doubt that he is guilty as charged in the bill of indictment." The judge then proceeds to array fully the contentions of the State and the defendant, and concludes as follows: "You will take the case and consider it, consider all the evidence in the case, whether I have called it to your attention or not. You are sensible men. Take this evidence and weigh it, and say what weight you will give to each and every part of it, accepting that which you find entitled to be accepted and rejecting that which is not. If the State has carried the burden, which the law places upon it, and has satisfied you beyond a reasonable doubt that the defendant is guilty, as charged in the bill of indictment, your verdict would be guilty. If the State has not so satisfied you your verdict would be not guilty."

The specific exception addressed to the charge of the court is that the defendant was being tried upon an indictment for larceny and that the charge as given contained no definition of larceny or the legal elements which constitute the offense, and for the further reason that the question of felonious intent was not submitted to the jury.

In *S. v. Barrett*, 123 N. C., 753, the defendant was indicted for larceny. The court charged the jury as follows: "If you believe from the evidence that the prosecutor missed an axe, and if you should believe that the axe described by the witness, Shannon, as in the possession of the defendant, was that axe of prosecutor, and believe all this beyond a reasonable doubt, you will bring in a verdict of guilty, otherwise you will acquit the defendant." This Court awarded a new trial, declaring in the opinion: "The charge is fatally defective for the reason that it does not submit the question of felonious intent to the jury, which is

one of the necessary ingredients of larceny." Again, in *S. v. Coy,* 119 N. C., 903, the Court said: "What is meant by felonious intent is a question for the court to explain to the jury, and whether it is present at any particular time is for the jury to say." *S. v. Kirkland,* 178 N. C., 810; *Blake v. Smith,* 163 N. C., 274.

Under the rules of law applicable the defendant is entitled to have his exception sustained.

New trial.