STATE v. HAROLD JACK GILBERT.

(Filed 2 March, 1949.)

**Husband and Wife § 23—**

> In a prosecution of defendant for willful abandonment and nonsupport of his wife, an instruction which omits the element of willful abandonment as a necessary predicate for a verdict of guilty must be held for reversible error. G.S. 14-322.

APPEAL by defendant from *Phillips, J.,* December Term, 1948, of ROCKINGHAM.

Criminal prosecution on warrant charging the defendant with willful abandonment and nonsupport of his wife.

The defendant was married in 1943. He first took his wife to the home of his stepfather in Greensboro. In July, 1948, they were given notice to vacate their room. The defendant then took his wife to Reidsville to live in her father's house. He promised to provide for her support and to return weekly to see her. Neither of which he did.

Verdict: Guilty as charged.
Judgment: Twelve months on the roads.
The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton Rhodes, and Moody for the State.*
*William Reid Dalton and John R. Hughes for defendant.*

STACY, C. J.  The following excerpt from the charge constitutes one of defendant's exceptive assignments of error:

"The court charges you if he willfully failed to provide her with adequate support after leaving her at her father's house and you so find from the evidence and beyond a reasonable doubt, your verdict would be guilty."

It will be noted that the element of willful abandonment is omitted from this instruction.  The defendant is charged with a violation of G.S. 14-322, which provides that "If any husband shall wilfully abandon his wife without providing adequate support for such wife, etc., he shall be guilty of a misdemeanor."  The challenged instruction, therefore, was inadequate and necessitates another hearing.  *S. v. Yelverton,* 196 N.C. 64, 144 S.E. 534.  It is so ordered.

New trial.