### STATE v. JAMES GORDON HAIRR.

(Filed 26 September, 1956.)

**1. Automobiles § 72—**

Evidence *held* sufficient to carry the case to the jury on the charge of driving an automobile upon the highways within the State while under the influence of intoxicating liquor.   G.S. 20-138.

**2. Criminal Law § 79—**

An exception not assigned as error and set out in the brief is deemed abandoned.   Rule of Practice in the Supreme Court No. 28.

**3. Automobiles § 72—**

Before the State is entitled to a conviction under G.S. 20-138, it must show beyond a reasonable doubt both that defendant was driving a vehicle upon the highways of the State and also that at the time of driving he was under the influence of intoxicating liquor or narcotic drugs.

**4. Criminal Law § 53a—**

The judge must charge the essential elements of the offense.

**5. Criminal Law § 81c(2)—**

It is prejudicial error for the court, in undertaking to define the law, to state it incorrectly.

**6. Automobiles § 74—Charge held for error in failing to submit an essential element of the offense to the jury.**

Where defendant testifies that he drove a vehicle on the highways of the State on the afternoon in question, then drank some wine and whiskey and became drunk about mid-afternoon, but denies that he drove a vehicle after becoming intoxicated, a charge to the effect that defendant admitted

that he was drunk and that the only question for the jury was whether he drove his vehicle at any time on the afternoon in question, must be held for prejudicial error in failing to submit to the jury the essential element of the offense of whether defendant, while intoxicated, drove on a highway of the State, and in charging that an essential element of the offense had been fully or sufficiently proven when defendant's testimony was not sufficiently broad or comprehensive to constitute an admission of this fact.

**7. Automobiles § 66: Criminal Law § 27—**

It is a matter of common knowledge that a person does not become drunk or materially under the influence of intoxicating liquor immediately after drinking an immoderate quantity of it.

**8. Automobiles § 66—**

A person is intoxicated within the purview of G.S. 20-138 when he has drunk a sufficient quantity of intoxicating liquor to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties, and not such as to affect them however slightly.

**9. Criminal Law § 81c(2)—**

Where the charge contains an incorrect instruction on a material aspect of the case, such error cannot be held harmless because in another part of the charge the court gives a correct instruction thereon, since the jury may have acted upon the incorrect portion.

JOHNSON, J., not sitting.

BOBBITT, J., concurring in result.

APPEAL by defendant from *Bundy, J.,* April-May Criminal Term 1956 of SAMPSON.

Criminal prosecution upon a bill of indictment charging the defendant in the first count with driving an automobile upon the highways within the State, while under the influence of intoxicating liquor in violation of G.S. 20-138; in the second count with the reckless driving of an automobile in violation of G.S. 20-140; and in the third count with failing to stop in the event of an accident resulting in damage to property in violation of G.S. 20-166(b) and (c).

Plea: Not Guilty. At the close of the State's evidence the court, upon motion of the defendant, nonsuited the State as to the second and third counts in the bill of indictment, and overruled the motion as to the first count in the bill of indictment. The jury convicted the defendant on the charge in the first count in the bill of indictment.

From judgment of imprisonment the defendant appeals.

*George B. Patton, Attorney General, and Claude L. Love, Assistant Attorney General, for the State.*

*Roland C. Braswell and Calvin B. Bryant for Defendant, Appellant.*

Parker, J.   The State's evidence tended to show these facts:  About 6:30 p.m. on 19 November 1955 Edward William Gray was driving his automobile on the highway from the town of Faison to the town of Clinton.  He met an automobile going back and forth across the road. He reduced his speed, and was proceeding with his right wheels on the shoulder of the road.  The approaching automobile sideswiped his automobile, and kept travelling in the direction of Faison.  Gray's car stopped in the ditch.  Five or ten minutes later an automobile with the left front damaged driven by the defendant came from the direction of Faison and stopped at the scene.  The defendant and a passenger in the car got out.  The defendant was intoxicated.  The defendant asked if he could help him get out of the ditch.  Gray asked defendant if he was the man who ran into him.  Defendant did not answer, but got in his car and drove it off on the highway in the direction of Clinton.  Gray saw the defendant later that night in jail at Clinton.  The defendant was highly intoxicated.  Shortly after 6:30 p.m. this night D. W. Williams, a State patrolman, went to the scene of the collision.  About 30 minutes later the patrolman went to the defendant's home.  He was lying in the living room very drunk.  He said he had been in a wreck, but someone else was driving.

Defendant's evidence presented these facts:  His wife testified that he was brought home "passed out" by William Byrd and June Pope in the back seat of an automobile.  This is defendant's testimony:  On 19 November 1955 he stopped work as a mechanic about 1:00 p.m.; a man asked him to fix his truck out on the Wilmington Road; they went out there and the man had wine and whiskey mixed and he drank too much of it.  This man brought him back after his truck was fixed.  He was drunk on this evening, and got that way about 4:30 p.m.  Later William Byrd took his car with him in it and drove out into the country.  That he went to sleep, and does not remember anything until he waked up in jail.  That he does not remember a wreck.  On cross-examination defendant said:  "I couldn't have been driving because I was passed out."

There is plenary evidence to carry the case to the jury on the first count in the bill of indictment.  Defendant's exception to the refusal of the court to allow his motion for nonsuit as to the first count in the bill of indictment is not assigned as error, and such exception is not set out in his brief.  It is taken as abandoned.  Rules of Practice in the Supreme Court, Rule 28, 221 N.C. 544.

Defendant assigns as error this part of the charge in parenthesis: "(However, the thing here is, whether or not the defendant was driving this car.  He admits that he was drunk; He admits that he was under the influence of intoxicants, what you are to be concerned with is whether or not the State has proved by evidence beyond a reasonable

doubt that he was driving his car, not necessarily at the time of the collision; it can be at that time) or it can be at the time that he came back there or any other time on the afternoon, any other time on the night in question."

Defendant also assigns as error the conclusion of the judge's charge which reads as follows: "One may not—well, that isn't necessary here because the defendant admits he was under the influence of intoxicants. The question before you is to say whether or not the defendant is guilty or not guilty, to find whether or not the defendant drove the automobile at any time on this late afternoon and night in question, for it is established and admitted by him that he was under the influence of intoxicants and if you find that he drove a car at any time after he drank that combination of whiskey and wine on the highway on that late afternoon and night, it would be your duty to return a verdict of guilty."

There are two essential elements of the offense condemned by G.S. 20-138: one, the driving of a vehicle upon the highways of the State, and two, when under the influence of intoxicating liquor or narcotic drugs. Before the State is entitled to a conviction under this statute, it must show beyond a reasonable doubt from the evidence that the defendant is guilty of both the essential elements of the offense. *S. v. Carroll*, 226 N.C. 237, 37 S.E. 2d 688.

The judge must charge the essential elements of the offense. *S. v. Gilbert*, 230 N.C. 64, 51 S.E. 2d 887; *S. v. Rawls*, 202 N.C. 397, 162 S.E. 899; *S. v. Eunice*, 194 N.C. 409, 139 S.E. 774; *S. v. McDonald*, 133 N.C. 680, 45 S.E. 582.

When a judge undertakes to define the law, he must state it correctly, and if he does not, it is prejudicial error sufficient to warrant a new trial. *S. v. Stroupe*, 238 N.C. 34, 76 S.E. 2d 313; *Jones v. Bland*, 182 N.C. 70, 108 S.E. 344; *Roberson v. Stokes*, 181 N.C. 59, 106 S.E. 151; *S. v. Wolf*, 122 N.C. 1079, 29 S.E. 841.

The statements of the court to which exceptions are entered to the effect that the jury was only concerned with whether or not the State had proved beyond a reasonable doubt from the evidence that the defendant drove his car at any time on the afternoon and night in question, because he admitted he was drunk, constitute inadvertent but unequivocal expressions of opinion by the court that an essential element of the crime charged had been fully or sufficiently proven, which is a clear violation of G.S. 1-180. These statements cannot be considered as instructions upon uncontradicted evidence that, if the jury finds the facts to be as all the testimony tends to show, it should find the defendant was under the influence of intoxicating liquor at any time on the afternoon or night in question, for the reason that the evidence does not show such fact. The defendant testifying in his own behalf stated

that he was drunk on the day in question from about 4:30 p.m. until after he was jailed. He testified that he drank too much wine and whiskey mixed, when he went to fix the truck on the Wilmington highway, but he did not state the time when he went to the truck, or when the mixed wine and whiskey made him drunk, except that he got drunk about 4:30 p.m. So far as his testimony is concerned he had drunk no intoxicating liquor that day until he drank this wine and whiskey. The State's evidence contains no reference to the defendant's condition until about 6:30 p.m. on this day.

The defendant testified: "A man asked me to fix his truck out on the Wilmington road. We went out, and he had wine and whiskey mixed and I drank too much of it. He brought me back after his truck was fixed, and put me off." The jury may have found that defendant drove a car to the truck, and if they did, under the charge of the judge it was not necessary for them to consider if at the time of such driving the defendant was under the influence of intoxicating liquor, because he admitted he was drunk. There is no evidence that the defendant admitted he was drunk at that time. A contextual reading of the charge clearly shows the prejudicial error of the judge's statement that an essential element of the offense had been fully or sufficiently proven by the admission of the defendant, when there is no evidence of so broad and comprehensive an admission by the defendant.

The Attorney General with his usual frankness admits that the above portions of the charge are not strictly accurate, but contends that, when the charge is read contextually, it is thought no prejudicial error appears.

The harmful effect of the judge failing to charge the jury on both essential elements of the offense charged appears in this part of the charge assigned as error: "Now, the State, on the other hand, contends that you should find the defendant guilty for that he was guilty, for that if upon nothing else, he drove the car back to Clinton after he had consumed this mixture of wine and whiskey out on the highway and if he found himself under the influence of intoxicants upon returning to Clinton, that he theretofore had driven the car; and that he doesn't say whether or not thereafter he drove the car."

It is a matter of common knowledge that a person does not become drunk or materially under the influence of intoxicating liquor immediately after drinking an immoderate quantity of it. Slightly under the influence of intoxicating liquor precedes the grosser forms of intoxication. It is not sufficient for a conviction under G.S. 20-138 for the State to show that a defendant drove an automobile upon a highway within the State when he has drunk a sufficient quantity of intoxicating liquor to affect however slightly his mental and physical faculties. The State must show that he has drunk a sufficient quantity of intoxicating

liquor "to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties." *S. v. Carroll, supra.*

Whatever the court may have said before or after in its charge does not cure the parts of the charge we have stated are errors. We have uniformly held that where the court charges correctly in one part of the charge, and incorrectly in another part, it necessitates a new trial, since the jury may have acted upon the incorrect part of the charge. *S. v. Stroupe, supra,* and cases cited.

For errors in the charge, it is ordered that there be a

New trial.

Johnson, J., not sitting.

Bobbitt, J., concurring in result: There are two grounds on which I think a new trial should be awarded, viz.:

1. Defendant made no judicial admission or stipulation. Only his testimony was before the court and jury. This was evidence, nothing more. The trial judge treated this testimony as a judicial admission, thereby removing from the jury's consideration and determination one of the essential elements of the offense. It seems unnecessary to determine the purport of defendant's testimony.

2. Defendant offered no character evidence. He testified, on cross-examination, that some four years back he had pleaded guilty to the charge of "drunken driving" and had been "to Mayor's Court for public drunkenness." The evidence was competent, by way of impeachment, as bearing on the credibility of defendant's testimony. This is an excerpt from the charge: "The State contends further, one contention the State makes that I call your attention to, that is, that the defendant by his own testimony is the kind of a man who would do this kind of a thing, for that about three or four years ago he was convicted of the same thing, and that therefore he is the kind of man who would commit the offense with which he is charged, and that according to his own testimony he has been convicted three or four times of being under the influence of intoxicants and is the kind of man who gets under the influence of intoxicants and is the kind of man who would drive a car under such condition because he has heretofore been convicted of the same thing." Although phrased as a contention, I think this instruction plainly indicated to the jury that evidence as to the defendant's prior offenses was substantive evidence bearing on his guilt or innocence in the case being tried.