STATE OF NORTH CAROLINA v. KENNETH EARL GOOCHE

No. 8114SC1227

(Filed 3 August 1982)

1. **Narcotics § 1.3— possession of marijuana with intent to sell and deliver—possession of more than one ounce—no lesser included offense**

Possession of more than one ounce of marijuana is not a lesser included offense of possession of marijuana with intent to sell or deliver.

2. **Narcotics § 2— possession of marijuana with intent to sell or deliver—possession of more than one ounce of marijuana—sufficiency of indictment—alternative verdicts**

An indictment alleging that defendant "did feloniously possess with intent to sell and deliver a controlled substance 59.9 grams of marijuana" was sufficient to charge defendant with both possession of marijuana with intent to sell or deliver and possession of more than one ounce of marijuana, and the trial court properly submitted both crimes as alternative verdicts.

3. **Narcotics § 4.6— instruction that amount of marijuana was more than one ounce**

In a prosecution for possession of more than one ounce of marijuana in which the evidence tended to show that if defendant possessed any marijuana, he possessed 59.9 grams thereof, it was proper for the trial court to instruct the jury that 59.9 grams was in fact more than one ounce and to remove from the jury's consideration the element of the amount of marijuana possessed.

4. **Criminal Law § 99.2— no expression of opinion by trial court**

There was no merit to defendant's contention that the trial judge conveyed to the jury an antagonistic attitude toward the defense in sustaining objections to various defense questions, in making comments that belittled defense counsel, and in summarily denying a defense motion to dismiss.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 30 April 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 29 April 1982.

Defendant was indicted as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 30 day of August, 1980, in Durham County Kenneth Earl Gooch unlawfully and wilfully did feloniously possess with intent to sell and deliver a controlled substance 59.9 grams of marijuana which is included in Schedule VI of the North Carolina Controlled Substances Act.

He pleaded not guilty and was tried before a jury.

State's evidence tended to show that on the morning of 30 August 1980 police officers saw the defendant standing at a certain intersection in Durham carrying a pouch with the word "Junk" on it. An officer approached the defendant at about noon. Defendant ran, and two officers chased him. One officer saw defendant throw the pouch away and he retrieved it. The officers caught defendant, and examination of the pouch revealed 25 envelopes containing a total of 59.9 grams of marijuana. Defendant presented evidence. He denied ever having possession of the pouch.

The trial judge submitted three possible verdicts: guilty of possession of marijuana with intent to sell and deliver, guilty of possession of more than one ounce of marijuana and not guilty. The jury convicted the defendant of possessing more than one ounce of marijuana and he appeals.

*Attorney General Edmisten, by Associate Attorney Blackwell M. Brogden, Jr., for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Marc D. Towler, for defendant appellant.*

ARNOLD, Judge.

Defendant's first two arguments relate to the following jury instructions:

> The defendant Gooch has been accused of possessing marijuana, which is a controlled substance, with intent to sell or deliver. For you to find the defendant guilty of possessing marijuana, which is a controlled substance, with the intent to sell or deliver it, the State must prove three things each beyond a reasonable doubt:

> First, the State must prove and beyond a reasonable doubt that the defendant knowingly possessed marijuana. A person possesses marijuana when he is aware of its presence and has both the power and the intent to control the disposition or use of that substance.

> Second, the State must prove that the defendant possessed the marijuana with the intent to sell it, or to deliver it, to someone else. There are two things, possession, as I have defined it, and intent to sell or deliver.

Therefore, ladies and gentlemen, I instruct you that if you find from the evidence and beyond a reasonable doubt that on or about the 30th day of August, 1980, Kenneth Earl Gooch knowingly possessed a quantity of marijuana, and intended to sell or deliver that marijuana to another, it would be your duty to return a verdict of guilty of possessing marijuana with the intent to sell or deliver it.

Now, I will instruct you further that 59.9 grams is in fact more than one ounce. If you do not find those things to be true, or if you have a reasonable doubt as to one or both of those things that I have mentioned, then you will not return a verdict of guilty of possessing marijuana with the intent to sell or deliver it.

If you do not find the defendant guilty of possession with intent to manufacture (sic), you must then determine whether he is guilty merely of possessing a quantity of marijuana more than one ounce. The difference is that mere possessing does not require that you find that the defendant intended to sell or deliver.

Therefore, I instruct you that if you find from the evidence and beyond a reasonable doubt that on or about the 30th of August, 1980, the defendant Gooch knowingly possessed marijuana, it would be your duty to return a verdict of guilty of possessing marijuana, and if you do not so find, or have a reasonable doubt, then it would be your duty to return a verdict of not guilty.

[1] In his first argument, defendant contends that he was not charged with possession of more than one ounce of marijuana, that possession of more than one ounce of marijuana is not a lesser included offense of possession of marijuana with.intent to sell or deliver, and that therefore the judge erred in submitting possession of more than one ounce of marijuana as a possible verdict. Defendant is correct in contending that possession of more than one ounce of marijuana is not a lesser included offense of possession of marijuana with intent to sell or deliver.

To prove the offense of possession of over one ounce of marijuana, the State must show possession and that the amount possessed was greater than one ounce. To prove the

offense of possession with intent to sell or deliver marijuana, the State must show possession of any amount of marijuana and that the person possessing the substance intended to sell or deliver it. Thus, the two crimes each contain one element that is not necessary for proof of the other crime. One is not a lesser included offense of the other.

*State v. McGill*, 296 N.C. 564, 568, 251 S.E. 2d 616, 619 (1979). However, we cannot agree with defendant's first contention, that he was not charged with possession of more than one ounce of marijuana, since the two elements of possession of more than one ounce of marijuana are both set forth in the indictment.

[2] In *State v. McGill, supra*, the defendant was indicted for both possession of marijuana with intent to sell or deliver and, by a separate indictment, possession of more than one ounce of marijuana. The evidence tended to show a single transaction. The trial judge instructed the jury to consider the two charges in the alternative, and the jury convicted defendant of possessing more than one ounce of marijuana. The Supreme Court held this procedure to be correct. It wrote:

> It is clear that the State charged the defendant with both these offenses so that the evidence would conform to the pleadings under either means of proving felonious possession. An election is not required in this situation. . . . Although the charges here were contained in two separate indictments, they may be treated as separate counts of the same indictment. *See, e.g., State v. Stephens*, 170 N.C. 745, 87 S.E. 131 (1915).

> In this case the judge instructed the members of the jury to first consider the offense of possession with intent to sell or deliver marijuana. If and only if they found him not guilty of that offense were they to consider the charge of possession of more than one ounce of marijuana. The able trial judge followed the correct procedure in this situation. *See State v. Meshaw*, 246 N.C. 205, 98 S.E. 2d 13 (1957).

296 N.C. at 568-69, 251 S.E. 2d at 619-20. The present case differs from *McGill* in that the two felony possession charges were set forth in separate indictments in *McGill* while in the present case the elements of both forms of felony possession are set forth in

the same count of the one indictment. In the present case, as in *McGill,* the defendant was charged with both possession of marijuana with intent to sell or deliver and possession of more than one ounce of marijuana. It was therefore proper to submit both crimes as alternative verdicts.

[3] In his second argument, the defendant contends that the judge erred in instructing on the elements of possession of more than one ounce of marijuana. Specifically, he argues that the judge failed to make clear that the amount of marijuana possessed had to be more than one ounce in order to convict the defendant of this offense. We find no prejudicial error in the instructions. State's evidence tended to show that the defendant possessed a pouch that contained 25 envelopes. An S.B.I. chemist testified that the 25 envelopes contained a total of 59.9 grams of marijuana. The defendant denied possession of the pouch. Thus, the evidence tended to show that if the defendant possessed any marijuana, he possessed 59.9 grams of marijuana, which is more than one ounce. Under these circumstances, it was proper for the judge to instruct the jury that 59.9 grams was in fact more than one ounce and to remove from the jury's consideration the element of the amount of marijuana possessed. *Cf. State v. Carson,* 296 N.C. 31, 46-57, 249 S.E. 2d 417 (1978) (in which it was held, based upon the evidence, that the jury had not been misled or influenced by an instruction in a first degree rape case to the effect that a knife was a deadly weapon).

The defendant cites *State v. Reese,* 33 N.C. App. 89, 234 S.E. 2d 41 (1977), which also involved a conviction for felonious possession of a controlled substance. However, our opinion in *Reese* does not reveal that the evidence therein included both a qualitative and a quantitative analysis of the controlled substance, unlike the evidence in the present case, thereby creating an issue as to amount. Any error in the instructions could not have been prejudicial in the present case.

[4] By his final assignment of error, the defendant contends that the trial judge violated "the cold neutrality of the law" and conveyed to the jury an antagonistic attitude toward the defense in sustaining objections to various defense questions, in making comments that belittled defense counsel, and in summarily denying a defense motion to dismiss. We have considered the exceptions

cited by the defendant, and we conclude that they do not constitute prejudicial error either individually or collectively.

In the defendant's trial we find

No error.

Judges VAUGHN and MARTIN (Robert M.) concur.