STATE OF NORTH CAROLINA v. KENNETH EARL GOOCH

No. 484PA82

(Filed 7 December 1982)

**Narcotics §§ 4.6, 5— conviction of possession of more than one ounce of marijua-
na— necessity for instruction on amount possessed—verdict treated as guilty of
simple possession**

  Defendant could not properly be convicted of possession of more than one
  ounce of marijuana in violation of G.S. 90-95(d)(4) when the trial court failed to
  submit to the jury the essential element of the amount of marijuana possessed,
  notwithstanding the evidence tended to show that if defendant possessed any
  marijuana, he possessed 59.9 grams, which is more than one ounce. However,
  in finding defendant guilty of possession of more than one ounce of marijuana,
  the jury necessarily found facts establishing the offense of simple possession of
  marijuana in violation of G.S. 90-95(a)(3), and the case will be remanded for
  resentencing as upon a verdict of guilty of simple possession of marijuana.

WE allowed defendant's petition for discretionary review of the decision of the Court of Appeals, 58 N.C. App. 582, 294 S.E. 2d 13 (1982), on 25 August 1982. A jury convicted Kenneth Earl Gooch, defendant, of possession of more than one ounce of marijuana and *Bailey, Judge,* gave defendant his sentence during the

27 April 1981 Session of Superior Court, DURHAM County. The Court of Appeals affirmed defendant's conviction.

In this appeal we are to decide whether defendant can be convicted of possession of more than one ounce of marijuana when the trial court fails to submit to the jury an essential element of the offense, the amount of contraband possessed.

*Rufus L. Edmisten, Attorney General, by Blackwell M. Brogden, Jr., Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Marc D. Towler, Assistant Appellate Defender, for defendant.*

CARLTON, Justice.

I.

The facts are adequately stated in the Court of Appeals' opinion. 58 N.C. App. 582, 294 S.E. 2d 13 (1982). It is unnecessary to repeat them here.

Kenneth Earl Gooch, defendant, was tried upon an indictment which read as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 30 day of August, 1980, in Durham County Kenneth Earl Gooch unlawfully and wilfully did feloniously possess with intent to sell and deliver a controlled substance 59.9 grams of marijuana which is included in Schedule VI of the North Carolina Controlled Substances Act.

The trial court submitted three possible verdicts to the jury: (1) guilty of possession of marijuana with intent to sell and deliver, (2) guilty of possession of more than one ounce of marijuana, (3) not guilty. The jury convicted defendant of possession of more than one ounce of marijuana. He was sentenced to spend a minimum of six months and a maximum of twenty-four months in the Durham County jail. Defendant appealed to the Court of Appeals. That court affirmed his conviction.

II.

Defendant's primary contentions before the Court of Appeals were (1) that he was improperly convicted of the offense of possession of more than one ounce of marijuana because he was

not charged with that offense and because that offense is not a lesser included offense of possession with intent to sell or deliver, and (2) the trial court erred in failing to instruct the jury on an essential element of the offense of which he was convicted — that the amount of marijuana possessed be more than one ounce.

With respect to defendant's first contention, the Court of Appeals, relying on *State v. McGill,* 296 N.C. 564, 251 S.E. 2d 616 (1979), agreed that possession of more than one ounce of marijuana is not a lesser included offense of possession of marijuana with intent to sell or deliver. However, the Court of Appeals held that the trial court did not err in submitting the alternative verdicts because defendant was properly charged with the offense for which he was convicted. It reasoned that defendant was properly charged with both offenses because "the elements of both forms of felony possession are set forth in the same count of the one indictment." *State v. Gooch,* 58 N.C. App. at 585-86, 294 S.E. 2d at 15. In other words, the court found that while the defendant in *McGill* was properly charged with *both* possession of marijuana with intent to sell or deliver and possession of more than one ounce of marijuana because the charges were contained in separate indictments, the defendant here was also properly charged with both offenses because "the two elements of possession of more than one ounce of marijuana are both set forth in the indictment." 58 N.C. App. at 585, 294 S.E. 2d at 15.

In light of what we believe to be the proper disposition of this case, as discussed below, it was unnecessary for the Court of Appeals to reach this issue. We therefore vacate this portion of the Court of Appeals' decision without deciding this issue presented by defendant.

### III.

In the second portion of its decision, the Court of Appeals rejected defendant's contention that the trial court erred in failing to properly instruct the jury on the elements of possession of more than one ounce of marijuana, the offense of which defendant was ultimately convicted. Defendant contended before that court and contends here that the instructions failed to make clear that the amount of marijuana possessed by defendant had to be more than one ounce in order to convict defendant of this offense. We

agree with defendant and reverse this portion of the Court of Appeals' decision.

G.S. 15A-1232 (1978) requires the trial court to "declare and explain the law arising on the evidence." The provisions of the statute are mandatory and a failure to comply is prejudicial error. *State v. Lee*, 277 N.C. 205, 214, 176 S.E. 2d 765, 770 (1970) (decided under former G.S. 1-180, the statute G.S. 15A-1232 replaced). The trial court must charge the essential elements of the offense. *State v. Earnhardt*, 307 N.C. 62, --- S.E. 2d --- (1982); *State v. Hairr*, 244 N.C. 506, 509, 94 S.E. 2d 472, 474 (1956); *State v. Gilbert*, 230 N.C. 64, 51 S.E. 2d 887 (1949).

To prove the offense of possession of over one ounce of marijuana under G.S. 90-95(d)(4) (1981), the State must prove two elements: (1) possession by defendant, and (2) that the amount possessed was greater than one ounce. *State v. McGill*, 296 N.C. at 568, 251 S.E. 2d 616, 619 (1979). The trial court must give proper instructions with respect to each of these elements.

Here the trial court failed to instruct the jury that it had to find that the amount possessed was more than one ounce. The trial judge properly referred to the offense as "possessing a quantity of marijuana more than one ounce"; however, the court told the jury in the final mandate that it needed to find only that defendant possessed marijuana to find him guilty of the stated offense. Possession of *more than one ounce* is an essential element of the offense and the trial judge's failure to so charge was error.[1] *Accord State v. Reese*, 33 N.C. App. 89, 90, 234 S.E. 2d 41, 42 (1977).

We cannot agree with the Court of Appeals' reasoning that it was proper for the trial court to remove the amount element from the jury's consideration because the evidence tended to show that if defendant possessed any marijuana, he possessed 59.9 grams of marijuana, which is more than one ounce. Again, the amount possessed is an essential element for jury determination. Defend-

---

1. We note that this element is indeed an important one. Whether the amount of marijuana, a Schedule VI substance under G.S. 90-94 (Supp. 1981), is more or less than one ounce determines whether possession is a felony punishable by up to five years' imprisonment and/or a fine or merely a misdemeanor punishable by a fine of not more than one hundred dollars ($100). G.S. 90-95(d)(4) (1981).

ant pled not guilty to the offense charged and thus did not admit to possession of any amount of marijuana. The jury, therefore, must decide the quantity possessed.

Hence, defendant's conviction and sentence for possession of more than one ounce of marijuana must be vacated.

## IV.

Defendant is not, however, entitled to a new trial. In failing to submit the amount requirement, as discussed above, the trial court essentially submitted to the jury the offense of simple possession of marijuana, G.S. 90-95(a)(3) (1981), and the jury convicted defendant of that offense. Simple possession of marijuana under G.S. 90-95(a)(3) (1981) — unlike possession of more than one ounce of marijuana under G.S. 90-95(d)(4) (1981) — *is* a lesser included offense of possession of marijuana with intent to manufacture, sell or deliver, G.S. 90-95(a)(1) (1981). *State v. McGill*, 296 N.C. 564, 251 S.E. 2d 616 (1979); *State v. Aiken*, 286 N.C. 202, 209 S.E. 2d 763 (1974). *See State v. Weaver*, 305 N.C. 629, 295 S.E. 2d 375, 378-79 (1982).

As Justice Lake stated in *Aiken*:

[O]ne may not possess a substance with intent to deliver it . . . without having possession thereof. Thus, possession is an element of possession with intent to deliver and the unauthorized possession is, of necessity, an offense included within the charge that the defendant did unlawfully possess with intent to deliver.

286 N.C. at 206, 209 S.E. 2d at 766.

The sole distinction between the offenses of possession of more than one ounce of marijuana, G.S. 90-95(d)(4) (1981), and simple possession of marijuana, G.S. 90-95(a)(3) (1981), is the element of amount. In the former, the jury must find that defendant possessed more than one ounce; in the latter, possession of any amount is sufficient for conviction. Otherwise, the elements of the two offenses are the same. Therefore, in finding defendant guilty of. possession of more than one ounce of marijuana, the jury necessarily had to find facts establishing the offense of simple possession of marijuana. Because the trial court failed to give proper instructions to the jury on the amount of contraband pos-

sessed, an element essential to sustain the conviction of possession of more than one ounce of marijuana, it follows that the verdict the jury returned must be considered a verdict of guilty of simple possession of marijuana, G.S. 90-95(a)(3) (1981). We, therefore, leave the verdict undisturbed but recognize it as a verdict of guilty of the lesser included offense of simple possession, vacate the judgment imposed upon the verdict of guilty of possession of more than one ounce of marijuana and remand the cause to the Court of Appeals for remand to the Superior Court, Durham County, for resentencing as upon a verdict of guilty of simple possession of marijuana, G.S. 90-95(a)(3) (1981). *See State v. Barnette*, 304 N.C. 447, 468-70, 284 S.E. 2d 298, 311 (1981); *State v. Jolly*, 297 N.C. 121, 130, 254 S.E. 2d 1, 7 (1979).

For the reasons stated, the decision of the Court of Appeals is

Vacated in part, reversed in part, and the case remanded.