IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-195

Filed 3 December 2025

New Hanover County, Nos. 23CR287860-640, 23CR287848-640, 23CR290485-640

STATE OF NORTH CAROLINA

v.

DARION TYQUAN MCKOY

Appeal by Defendant from Judgments entered 10 May 2024 by Judge Jessica Locklear in New Hanover County Superior Court. Heard in the Court of Appeals 24 September 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Lisa B. Finkelstein, for the State.*
>
> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily Holmes Davis, for Defendant-Appellant.*

HAMPSON, Judge.

**Factual and Procedural Background**

Darion Tyquan McKoy (Defendant) appeals from Judgments entered 10 May 2024, finding him guilty of Felony Possession of a Schedule VI Controlled Substance (Marijuana), Possession with Intent to Manufacture, Sell, or Deliver a Schedule VI Controlled Substance (Marijuana), Felony Possession of a Schedule II Controlled Substance (Cocaine), Possession of a Stolen Firearm, Fleeing to Elude Arrest, Hit and

Run, Unsafe Movement, and Improper Turn.[1]  The Record before us tends to reflect the following:

On 3 July 2023, Defendant was indicted in 23 CRS 287848, 23 CRS 287865, 23 CRS 287860, and 23 CRS 290485 on twenty-two charges, including fourteen drug-related charges.  Defendant was indicted on three additional charges in 23 CRS 289771 on 23 October 2023.  In total, Defendant was indicted on twenty-five charges.

Defendant pleaded not guilty to all charges.  At trial, the State voluntarily dismissed the charge of Possession of a Schedule I Controlled Substance (MDMA) with Intent to Manufacture, Sell, or Deliver.  The jury was instructed on the remaining twenty-four charges.  Relevant to this appeal, the trial court instructed the jury on the charge of Felony Possession of a Schedule VI Controlled Substance (Marijuana) in 23 CRS 287848 as follows:

> The defendant has been charged with possessing marijuana, a controlled substance.  For you to find the defendant guilty of this offense, the State must prove beyond a reasonable doubt that the defendant knowingly possessed marijuana.
>
> Marijuana is a controlled substance.  A person possesses marijuana when a person is aware of its presence and has both the power and intent to control the disposition or use of that substance.  If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant knowingly possessed a controlled substance, it would be your duty to return a verdict of guilty.  If you do not so find or have a reasonable doubt, it would be your duty to return a verdict of not guilty.

---

[1] The Judgments contained in the Record are not file-stamped.  However, the Statement of Organization of Trial Tribunal in the settled Record reflects the Judgments were, in fact, entered.

The jury found Defendant guilty on eight charges: Felony Possession of a Schedule VI Controlled Substance (Marijuana) in 23 CRS 287848; Fleeing to Elude Arrest, Possession of a Schedule II Controlled Substance (Cocaine), Possession with Intent to Manufacture, Sell, or Deliver a Schedule VI Controlled Substance (Marijuana), Fleeing to Elude Arrest, Unsafe Movement, and Improper Turn in 23 CRS 287860; and Possession of a Stolen Firearm in 23 CRS 290485.

The trial court entered two Judgments: one Judgment in 23 CRS 290485 for Possession of a Stolen Firearm and a second Judgment consolidating Defendant's seven other convictions into 23 CRS 287860. The trial court sentenced Defendant to eight to nineteen months of imprisonment in the Judgment for Possession of a Stolen Firearm. That sentence was suspended; Defendant was instead placed on twenty-four months of supervised probation. In the consolidated Judgment, the trial court sentenced Defendant to seven to eighteen months of imprisonment.

Defendant timely provided Notice of Appeal in open court.

## Issue

The issue on appeal is whether the trial court erred by entering Judgment against Defendant on Felony Possession of a Schedule VI Controlled Substance.

## Analysis

In North Carolina, marijuana is a schedule VI controlled substance. N.C. Gen. Stat. § 90-94(b)(1) (2023). Simple possession of marijuana is a class 3 misdemeanor. *Id.* § 90-95(d)(4) (2023). Possession of more than 1.5 ounces of marijuana is a class I

felony. *Id.* The distinguishing factor between these two offenses is the amount possessed: simple possession requires evidence the defendant possessed any amount of marijuana; a conviction for felony possession of marijuana, by contrast, requires evidence the defendant possessed more than 1.5 ounces of marijuana. *See State v. Gooch*, 307 N.C. 253, 257, 297 S.E.2d 599, 602 (1982).

On appeal, Defendant challenges only his conviction for Felony Possession of a Schedule VI Controlled Substance. Specifically, Defendant argues the trial court erred in entering Judgment on the offense of Felony Possession because the jury was instructed on Simple Possession of Marijuana, rather than Felony Possession. Defendant asks this Court to vacate the Judgment on Felony Possession and remand for resentencing on the misdemeanor offense of Simple Possession.

In *State v. Gooch*, the jury returned a verdict finding the defendant guilty of "possession of more than one ounce of marijuana." *Id.* at 254, 297 S.E.2d at 600. The defendant's conviction was vacated on appeal because, although the trial court "properly referred to the offense as 'possessing a quantity of marijuana more than one ounce[,]' " the trial court failed to instruct the jury on the amount of marijuana the defendant must have possessed in order to be found guilty of felony possession. *Id.* at 256, 297 S.E.2d at 601.

Here, as in *Gooch*, the trial court did not instruct the jury it was required to find Defendant possessed more than 1.5 ounces of marijuana. Moreover, the verdict sheets merely listed the offense as "possession of [a] Schedule VI controlled

substance[,]" and the trial court instructed the jury: "The defendant has been charged with possessing marijuana, a controlled substance." Simply put, nothing in the Record indicates the jury was instructed on the amount possessed.

Generally, "[a] party may not make any portion of the jury charge or omission therefrom the basis of an issue presented on appeal unless the party objects thereto before the jury retires to consider its verdict[.]" N.C.R. App. P. 10(a)(2) (2024). Defendant, however, has not challenged the trial court's jury instruction on appeal. Rather, Defendant argues, and we agree, the ultimate issue in this case is a sentencing error: the trial court improperly entered Judgment against Defendant on an offense the jury was not instructed on.[2]

The State, in addition to arguing Defendant's argument is not preserved, argues *State v. Davis* controls our analysis in the instant case. 283 N.C. App. 328, 871 S.E.2d 580, 2022WL1311660 (2022) (unpublished). Notably, *Davis* is unpublished, and unpublished decisions of this Court do not constitute controlling legal authority. N.C.R. App. P. 30(e)(3) (2024). Additionally, our decision in *Davis* is readily distinguishable. There, the defendant admitted at trial that he had possessed "5 pounds of marijuana[.]" As such, the amount of marijuana in his possession was

---

[2] Sentencing errors are generally preserved for appellate review even without an objection in the trial court. *See State v. Fleming*, 247 N.C. App. 812, 821, 786 S.E.2d 760, 767 (2016) (" 'An error at sentencing is not considered an error at trial for the purpose of [Appellate] Rule 10(a) because this rule is directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal.' " (alteration in original) (quoting *State v. Curmon*, 171 N.C. App. 697, 703, 615 S.E.2d 417, 422 (2005))).

not a disputed fact for jury consideration. Here, in contrast, Defendant pleaded not guilty, "and thus did not admit to possession of any amount of marijuana[,]" which is "an essential element for jury determination." *Gooch*, 307 N.C. at 256-577, 297 S.E.2d at 601.

Regardless of any evidence adduced at trial that Defendant possessed more than 1.5 ounces of marijuana, "[i]n failing to submit the amount requirement, as discussed above, the trial court essentially submitted to the jury the offense of simple possession of marijuana . . . and the jury convicted defendant of that offense." *Id.* at 257, 297 S.E.2d at 602. Accordingly, "it follows that the verdict the jury returned must be considered a verdict of guilty of simple possession of marijuana[.]" *Id.* at 258, 297 S.E.2d at 602 (citing N.C. Gen. Stat. § 90-95(a)(3) (1981)).

Thus, because the jury was not charged with finding whether Defendant possessed more than 1.5 ounces of marijuana, the trial court's jury instruction amounted to an instruction on Simple Possession of Marijuana. *Id.* at 257, 297 S.E.2d at 602. Therefore, the jury found Defendant guilty of Simple Possession of Marijuana. Consequently, the trial court erred in sentencing Defendant on Felony Possession of Marijuana.

## Conclusion

Accordingly, for the foregoing reasons, we vacate Defendant's conviction for Felony Possession of a Schedule VI Controlled Substance (Marijuana) in the consolidated Judgment in 23 CRS 287860 and remand for resentencing on the

misdemeanor offense of Simple Possession of Marijuana.[3] *See State v. Stokes*, 367 N.C. 474, 479, 756 S.E.2d 32, 36 (2014) ("When the actual instructions given are sufficient to sustain a conviction on a lesser included offense, we consider the conviction a verdict on the lesser charge and then remand for appropriate sentencing." (discussing *Gooch*)); *State v. Hardy*, 242 N.C. App. 146, 160, 774 S.E.2d 410, 420 (2015) ("When the trial court consolidates multiple convictions into a single judgment but one of the convictions was entered in error, the proper remedy is to remand for resentencing when the appellate courts 'are unable to determine what weight, if any, the trial court gave each of the separate convictions . . . in calculating the sentences imposed upon the defendant.' " (alteration in original) (quoting *State v. Moore*, 327 N.C. 378, 383, 395 S.E.2d 124, 127-28 (1990)).

REMANDED FOR RESENTENCING.

Judges ZACHARY and WOOD concur.

---

[3] Defendant does not challenge his other convictions.  As such, we leave those undisturbed.