STATE OF NORTH CAROLINA v. SAMUEL WILLIAMS FEREBEE, III

No. COA05-1007

(Filed 6 June 2006)

**1. Obstruction of Justice— refusal to halt—campus security officer**

There was sufficient evidence that defendant resisted, obstructed, or delayed a public officer where defendant argued that the person he ran from at Duke University was merely a private security officer, but there was evidence that defendant also tried to elude campus police officers.

**2. Evidence— hearsay—testimony that officer yelled to stop— not testimonial**

The admission of hearsay testimony that a campus police officer yelled for defendant to stop was not a violation of the Confrontation Clause because the statement was not testimonial, and was not prejudicial because there was substantial other evidence to the same effect.

STATE v. FEREBEE

[177 N.C. App. 785 (2006)]

**3. Appeal and Error— preservation of issues—instructions—no objection at trial—plain error not alleged**

Defendant waived his right to appeal alleged error in jury instructions where he did not object at trial and did not allege plain error.

Appeal by defendant from judgment entered 2 March 2005 by Judge W. Osmond Smith, III in Durham County Superior Court. Heard in the Court of Appeals 8 March 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Spurgeon Fields, III, for the State.*

*Brannon Strickland, PLLC, by Marlet M. Edwards, for defendant-appellant.*

HUNTER, Judge.

Samuel Williams Ferebee, III ("defendant") appeals from his conviction entered upon a jury verdict finding him guilty of resisting, obstructing, or delaying a public officer. Defendant contends the trial court erred in (1) denying his motion to dismiss for lack of sufficient evidence; (2) admitting improper hearsay into evidence; and (3) failing to properly instruct the jury on whether a security guard is a police officer. For the reasons set forth herein, we find no error by the trial court.

On 19 April 2002, the Duke University Police Department issued a "BOLO" (be on the lookout) for defendant. Authorities from the University of North Carolina at Chapel Hill had previously alerted Duke Police regarding several "questionable" encounters between defendant and female students. These students reported that defendant asked for inappropriate information, such as their addresses and telephone numbers, and the authorities were concerned about the possibility of some uninvited touching.

Defendant was observed on campus by Duke University students and authorities. This information was transmitted to campus police and security guards via radio. A security guard, Joshua Strausser ("Mr. Strausser") observed defendant enter a building on campus and followed him. After entering the building, Mr. Strausser searched for defendant on the first floor. Shortly thereafter, a Duke police officer, Officer George, arrived. They decided to each take one of the two flights of stairs located in the building. Mr. Strausser encountered defendant as he entered the second stairwell. Defendant ran past him

and towards a back door as Mr. Strausser yelled "campus security, stop[.]" Officer George ran up behind Mr. Strausser yelling "campus police officer, stop."

Mr. Strausser and Officer George pursued defendant as he fled the building. They were then joined in the chase by another campus police officer. Officer George and the other campus police officer pursued defendant off-campus without Mr. Strausser. Mr. Strausser explained his decision to end his pursuit of defendant as follows: "I, at this point, decided to let one of the officers—they're there. They're armed. I don't carry any type of weapons. I'm not a commissioned officer yet." Defendant ran into an old tobacco warehouse that was under renovation. He was apprehended within approximately fifteen to twenty minutes. Duke Police Officer First Sergeant Greg Stotsenberg ("Sergeant Stotsenberg") testified that defendant cooperated after being placed under arrest.

Upon consideration of the evidence, the jury found defendant guilty of resisting, obstructing, or delaying a public officer. The trial court imposed an active sentence of sixty days imprisonment. Defendant appeals.

**[1]** Defendant first assigns as error the trial court's denial of his motion to dismiss for insufficiency of the evidence based on his contention that the State failed to prove that he resisted, obstructed, or delayed a public officer.

A determination of whether the evidence is sufficient to overcome a motion to dismiss and be submitted to the jury is based on whether there is substantial evidence of each and every essential element of the crime, or any lesser included offenses, and that the defendant was the party who committed the crime. *State v. Squires*, 357 N.C. 529, 535, 591 S.E.2d 837, 841 (2003), *cert. denied*, 541 U.S. 1088, 159 L. Ed. 2d 252 (2004). Substantial evidence is defined as any relevant evidence that a reasonable person would find sufficient to support a conclusion. *State v. Blake*, 319 N.C. 599, 604, 356 S.E.2d 352, 355 (1987). The evidence must be viewed in the light most favorable to the State, drawing all reasonable inferences therefrom. *State v. Fritsch*, 351 N.C. 373, 378-79, 526 S.E.2d 451, 455 (2000).

In this case, the charge against defendant required the State to prove that he did "willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office." N.C. Gen. Stat. § 14-223 (2005). Defendant bases his argument

on two facts: (1) that he cooperated with the arresting officer, Sergeant Stotsenberg, and (2) that Mr. Strausser, from whom he initially ran, was a private security guard and not a public officer. The State produced evidence, however, that defendant also tried to elude Officer George, a campus police officer, and that he hid in an old tobacco warehouse in an attempt to avoid capture by several campus police officers. Under N.C. Gen. Stat. § 74G *et seq.*, the Campus Police Act, campus police officers have the same statutory authority granted to municipal and county police officers to make arrests for both felonies and misdemeanors and to charge for infractions within their jurisdictions. N.C. Gen. Stat. § 74G-6(b) (2005). As such, they qualify as "public officers" pursuant to N.C. Gen. Stat. § 14-223. *See State v. Taft*, 256 N.C. 441, 444, 124 S.E.2d 169, 171 (1962) (holding that an alcoholic beverage control officer was a "public officer" within the meaning of the statute). The trial court did not err in denying defendant's motion to dismiss, and we overrule this assignment of error.

[2] Defendant next assigns as error the trial court's admission of a hearsay statement over his objection and argues that this violated his Sixth Amendment right to confront the witnesses against him. At trial, Mr. Strausser testified that after he yelled for defendant to stop, Officer George also yelled "campus police officer, stop." Defendant argues that admission of this testimony violated the Confrontation Clause of the Sixth Amendment under the analysis presented in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004), and that he is therefore entitled to a new trial. We disagree.

*Crawford* held that where testimonial evidence is at issue, it is only admissible based on a finding that the witness is unavailable for trial and that the defendant has had a prior opportunity for cross-examination. *Id.* at 68, 158 L. Ed. 2d at 203. Where non-testimonial evidence is involved, however, the ordinary rules of evidence apply in regards to admissibility. *Id.* While the Supreme Court did not give a complete definition of the word "testimonial" in *Crawford*, it did provide some guidance. The Court stated that testimonial evidence refers to statements that " 'were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial[.]' " *Id.* at 52, 158 L. Ed. 2d at 193. Testimonial evidence includes affidavits, depositions, or statements given to police officers during an interrogation. *Id.* at 51, 158 L. Ed. 2d at 193. " 'Testimony,' in turn, is typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.' " *Id.* at 51, 158 L. Ed. 2d at 192.

In light of these definitions, Officer George's exclamation, "campus police officer, stop[,]" cannot be considered testimonial in nature. His statement was not made for the purpose of later establishing in court that defendant resisted arrest. Rather, Officer George made the statement while carrying out his duties as an officer by attempting to apprehend defendant who was under suspicion of improper behavior. Thus, the statement was non-testimonial and *Crawford* does not apply.

Moreover, even if the statement was inadmissible hearsay, we conclude its admission did not prejudice defendant. Defendant asserts Officer George's statement was the only evidence that he resisted a public officer. The State presented substantial evidence, however, that defendant attempted to elude campus police officers, including Officer George, by running and hiding in an old tobacco warehouse located off-campus. In light of this uncontradicted evidence, the exclusion of Officer George's statement would not have resulted in a different outcome. We overrule defendant's second assignment of error.

**[3]** By his final assignment of error, defendant argues the trial court improperly instructed the jury. Defendant failed to object at trial, however. Where a defendant fails to make a proper objection at trial, he waives the issue on appeal, absent a finding of plain error. *State v. McNeil*, 350 N.C. 657, 691, 518 S.E.2d 486, 507 (1999). Where a defendant fails specifically and distinctly to allege plain error, the defendant waives his right to have the issues reviewed for plain error. *State v. Forrest*, 164 N.C. App. 272, 277, 596 S.E.2d 22, 25-26, *disc. review denied*, 359 N.C. 193, 607 S.E.2d 653 (2004). Defendant does not allege plain error in his brief on appeal, and he has therefore waived his right to appeal the jury instructions. We overrule defendant's final assignment of error.

In conclusion, we find no error by the trial court.

No error.

Judges HUDSON and BRYANT concur.