An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-139

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

v.

GERALD ALONSO MORE

Wake County
No. 12 CRS 223968

Appeal by Defendant from judgment entered 6 November 2013 by Judge Paul G. Gessner in Superior Court, Wake County.  Heard in the Court of Appeals 12 August 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Scott K. Beaver, for the State.*

*Appellate Defender Staples S. Hughes, by Andrew DeSimone, for Defendant.*

McGEE, Chief Judge.

Gerald Alonso More ("Defendant") appeals his conviction of robbery with a dangerous weapon, contending that the trial court's partial denial of his requested jury instructions amounts to reversible error.  We disagree.

**I.  Background**

Defendant entered a Kroger's grocery store in Raleigh on 21 October 2012. He proceeded to a check-out line, and when the cashier, Matthew Wells ("Mr. Wells"), opened the register, Defendant reached across Mr. Well's check-out conveyor belt. Defendant held in his right hand what appeared to be a butcher knife, and he removed money from the register with his left hand. Defendant's actions were recorded on the store's security camera, and Defendant conceded at trial that he had committed common law robbery. At issue for the trial court was whether Defendant's actions amounted to robbery with a dangerous weapon. Specifically, Defendant asserted that the knife was in fact a plastic toy and not a real knife. An actual knife, toy or otherwise, was never recovered by the police.

Defendant was indicted on 7 January 2013 for robbery with a dangerous weapon. During the charge conference, Defendant requested in writing that the trial court instruct the jury on the charge of robbery with a dangerous weapon using language mirroring the North Carolina Pattern Jury Instructions, as set out below. Defendant also requested language not found in the Pattern Jury instructions, as set out below in bold type:

> Sixth, that the defendant had a dangerous weapon in his possession at the time he obtained the [money] (or that it reasonably appeared to [Mr. Wells] that a dangerous weapon was being used, in which case you may

> infer that the instrument was what the Defendant's conduct represented it to be, **BUT ARE NOT REQUIRED TO DO SO**)[.] A dangerous weapon is a weapon which is likely to cause death or serious bodily injury.
>
> And Seventh, that the [D]efendant obtained the [money] by endangering or threatening the life of Mr. Wells with the dangerous weapon. **In deciding whether or not Mr. Well's life was endangered or threatened, you may consider the manner in which the weapon was used.**

(emphasis added). The actual instructions on elements six and seven of robbery with a dangerous weapon given to the jury were essentially identical to those requested by Defendant, except for the bolded language therein, which the trial court declined to include in its charge to the jury. A jury subsequently found Defendant guilty of robbery with a dangerous weapon on 6 November 2013. Defendant gave notice of appeal in open court. On appeal, Defendant contends that the trial court's partial denial of his requested jury instructions was in error.

## II. Analysis

### A. Standard of Review

This Court reviews assignments of error challenging a trial court's decisions regarding jury instructions *de novo*. *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009).

### B. Element Six of the Jury Instructions

Defendant assigns error to the trial court's partial denial of his requested jury instruction for element six of robbery with a dangerous weapon. On this element, the trial court instructed the jury to determine whether

> Defendant had a dangerous weapon in his possession at the time he obtained the [money], or that it reasonably appeared to [Mr. Wells] that a dangerous weapon was being used, in which case [the jury] *may infer* that the said instrument was what the Defendant's conduct represented it to be. A dangerous weapon is a weapon which is likely to cause death or serious bodily injury.

(emphasis added). However, in addition to the instruction that the jury "may infer" that Defendant had a dangerous weapon, Defendant also requested an instruction stating that it was "not required to do so." The trial court denied Defendant's request. Defendant contends that omitting this additional permissive language in element six amounts to reversible error because the sole use of "may" in the jury instruction purportedly could connote a mandatory, rather than permissive, inference that Defendant used a dangerous weapon during the robbery.

In *State v. Wilburn*, this Court was presented with an identical argument from the defendant, also appealing his conviction of robbery with a dangerous weapon. *Wilburn*, 164 N.C. App. 601, 596 S.E.2d 473, slip op. at 6-8 (2004) (unpublished). In *Wilburn*, on an appeal challenging jury

instructions that were essentially identical to those given in the case *sub judice*, this Court held that "[t]he [trial] court's use of permissive language -- *i.e.*, the jury 'may infer' that the object was a firearm -- properly denoted that the jury was permitted, but not required, to find defendant possessed a [dangerous weapon] . . . during the robbery." *Id.* at 7–8.

On this issue, the present case is not distinguishable from *Wilburn*. When Defendant robbed the Kroger, he wielded what reasonably could have appeared to Mr. Wells to be a large butcher's knife. Defendant held it near Mr. Wells while he removed money from Mr. Well's register, aiding his carrying out of the robbery. As such, just as in *Wilburn*, this allowed the jury to make the permissible inference that this knife was, in fact, a real and dangerous weapon. *See* i*d.* The trial court instructed the jury that it "may infer that the [knife] was what the Defendant's conduct represented it to be," and it appears that the jury did just that. "We find no error or prejudice here." *Id.* at 8.

### *C. Element Seven of the Jury Instructions*

Defendant next contends that the trial court erred in its partial denial of Defendant's requested jury instruction for element seven of robbery with a dangerous weapon. On this element, the trial court instructed the jury to determine

whether "Defendant obtained the [money] by endangering or threatening the life of [Mr. Wells] with the dangerous weapon." However, during the charge conference, Defendant requested that this instruction end with the following: "In deciding whether or not Mr. Well's life was endangered or threatened, [the jury] may consider the manner in which the weapon was used." The trial court also denied this request from Defendant, which Defendant contends amounts to reversible error.

The additional language requested by Defendant for element seven focused on the knife's manner of use to inform whether Mr. Well's life was threatened or endangered. On its face, this language is mere surplusage. The previous sentence in Defendant's requested jury instruction on element seven, which also was stated to the jury at trial, instructed the jury to determine whether Defendant "endanger[ed] or threaten[ed] the life of Mr. Wells with the dangerous weapon." This instruction necessarily directed the jury to consider the manner in which the weapon was used.

However, the question Defendant presents to this Court is whether "the trial court erred by denying [Defendant's] request to instruct the jury that[,] *in determining whether the knife was a dangerous weapon*[,] it could consider the manner in which the knife was used." (emphasis added). In other words,

Defendant presents us with an appeal that purportedly arises from the denial of his requested jury instruction on element seven of robbery with a dangerous weapon. Yet Defendant's argument on this point is entirely within the bounds of element six of the same charge, which instructed the jury to find whether Defendant, in fact, used a dangerous weapon during the robbery. Even Defendant's trial counsel acknowledged that the question of whether or not the knife was a dangerous weapon would be more appropriately addressed in element six of the jury instructions.

As such, while Defendant's appeal is proper, the argument he presents to us has not been properly raised before this Court, and his argument could only be reviewed for plain error. *See* N.C.R. App. P. 10(a)(2) ("A party may not make any portion of the jury charge or omission therefrom the basis of an issue presented on appeal unless the party objects thereto before the jury retires[.]"). However, Defendant does not allege plain error in his brief. "Where a defendant fails specifically and distinctly to allege plain error, the defendant waives his right to have the issues reviewed for plain error." *State v. Ferebee*, 177 N.C. App. 785, 789, 630 S.E.2d 460, 463 (2006) (citing *State v. Forrest,* 164 N.C. App. 272, 277, 596 S.E.2d 22, 25–26).

Therefore, Defendant has provided this Court with no grounds on which to review this argument further.

No error.

Judges BRYANT and STROUD concur.

Report per Rule 30(e).