An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1056

Filed: 21 April 2015

STATE OF NORTH CAROLINA

v.

NATHANIEL PHILLIPS

Orange County

No. 11 CRS 51977

Appeal by defendant from judgment entered 25 April 2014 by Judge R. Stuart Albright in Orange County Superior Court. Heard in the Court of Appeals 18 February 2015.

*Attorney General Roy Cooper, by Special Deputy Attorney General Melody R. Hairston, for the State.*

*Coleman, Gledhill, Hargrave, Merritt & Rainsford, P.C., by James Rainsford, for defendant.*

INMAN, Judge.

Defendant appeals the judgment entered after a jury convicted him of driving while impaired ("DWI"). Defendant contends that the trial court erred by: (1) failing to give North Carolina Pattern Jury Instruction 101.35 with regard to the requirement of jury unanimity; (2) misinstructing the jury on the definition of

"appreciable"; (3) declining to give to the jury defense counsel's proposed instruction on "impairment"; and (4) declining to answer one of the jury's questions.

After careful review, we conclude that the trial court did not err.

**Factual and Procedural Background**

On 4 July 2011, defendant was charged with driving with a revoked license, DWI, possession of drug paraphernalia, possession of marijuana, and speeding. The matters came on for trial in Orange County District Court on 20 December 2013. Judge Lunsford Long found defendant guilty on all charges. For defendant's DWI conviction, Judge Long sentenced defendant to a term of 60 days imprisonment but suspended the sentence and placed defendant on 18 months of supervised probation. Defendant appealed the DWI conviction for a *de novo* trial in Superior Court where the case was tried before a jury, Judge R. Stuart Albright presiding. The evidence presented at trial tended to establish the following: On 4 July 2011, at approximately 8:00 a.m., State Highway Patrol Trooper Jason Stewart ("Trooper Stewart") was parked in his patrol car on an I-40 overpass in Orange County conducting speed enforcement. Trooper Stewart observed a red Impala traveling eastward toward his position at what he estimated was 85 miles per hour. Trooper Stewart, using a hand-held speed detection device, determined that the Impala was traveling 84 miles per hour in a 65 mile per hour speed limit zone.

Trooper Stewart initiated a traffic stop. Defendant was driving the Impala with a female passenger in the front passenger seat. As Trooper Stewart spoke with

defendant, he detected the odor of marijuana and observed that defendant appeared nervous, had constricted pupils, and repeatedly rubbed his face. Trooper Stewart asked defendant to exit the vehicle, conducted a search, and found a small glass pipe on the driver's side floorboard and a glass jar in the console containing marijuana. Defendant admitted that both the pipe and glass jar belonged to him. Trooper Stewart also found a glass jar containing marijuana in a black duffel bag that defendant claimed belong to him.

While they were waiting for another state trooper to arrive, defendant admitted to Trooper Stewart that he had been at a methadone clinic in Greensboro that morning and had smoked marijuana in the parking lot before leaving. After conducting standardized field sobriety tests, Trooper Stewart determined that defendant had consumed a sufficient quantity of some impairing substance other than alcohol that appreciably impaired his mental and physical faculties.[1]

At the close of all the evidence, the trial court held a formal charge conference on the proposed jury instructions. Judge Albright indicated that he intended to instruct the jury using N.C.P.I.-Crim. 270.20A on impaired driving and 101.35 as a concluding instruction which included the requirement of jury unanimity. Neither party objected.

After closing arguments, Judge Albright instructed the jury on DWI as follows:

---

[1] There was no evidence that defendant was under the influence of alcohol at the time of the stop.

> The defendant has been charged with impaired driving. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt: First, that the defendant was driving a vehicle; second, that the defendant was driving that vehicle upon a highway within this state; and third, that at the time the defendant was driving that vehicle the defendant was under the influence of an impairing substance. Marijuana and methadone are impairing substances.
>
> The defendant is under the influence of an impairing substance when the defendant has taken or consumed a sufficient quantity of that impairing substance to cause the defendant to lose the normal control of the defendant's bodily or mental faculties or both to such an extent that there is an appreciable impairment of either or both of these faculties.

The trial court concluded by instructing: "All 12 jurors must agree unanimously. You may not render a verdict by majority vote." Neither the State nor defense counsel objected to the given instructions.

Less than one hour later, the trial court resumed session after the jury sent two questions to Judge Albright regarding the instructions. First, the jury requested a "reading of [sic] law on the third definition, Judge's instruction[.]" The jury also asked: "Can we get a definition of 'appreciable'?" As to the first question, Judge Albright told the attorneys that he intended to reinstruct the jury using the same instructions already provided. With regard to a definition of "appreciable," based on this Court's decisions in *State v. Parisi*, *State v. Harrington*, and *State v. Stokes*, Judge Albright proposed to instruct the jury that "appreciable" means "sufficient to be recognized and estimated." Defense counsel objected, arguing that the pattern

jury instructions do not specifically define "appreciable" nor do this Court's definitions of "appreciable" found in *Parisi, Harrington,* or *Stokes* relate to jury instructions. Furthermore, defense counsel argued that "a slight effect on a defendant's faculties is insufficient" to constitute "appreciable impairment." Judge Albright then proposed instructing the jury:

> An effect, however slight on the defendant's faculties, is not enough to render him or her impaired. Nor does the fact that the defendant smells of drugs, by itself, control. On the other hand, the State need not show that the defendant is drunk or in this case—well, is drunk—that his or her faculties are materially impaired. The effect must be appreciable. That is, sufficient to be recognized and estimated for a proper finding that the defendant was impaired.

The State objected, claiming that the proposed instructions went more to the standard of proof than to a definition of appreciable. Judge Albright agreed and, after noting defense counsel's objection, discussed instructing the jury that the definition of "appreciable" is either "sufficient to be recognized and estimated" or "capable of being estimated, weighed, judged of, or recognized perceptible but not a synonym of substantial," a definition from *Black's Law Dictionary*. Defense counsel again objected and requested that Judge Albright instruct using the definition of "appreciable" in *State v. Hairr* which noted that a "slight effect on a defendant's faculties is insufficient" to constitute "appreciable impairment." The trial court gave defense counsel a chance to provide it with any other cases on the issue, which defendant failed to do, and took a 25-minute recess before calling the jury back in.

As to the first jury question, as discussed during the conference, Judge Albright reinstructed the jury using the DWI pattern jury instructions. As to the second question, Judge Albright instructed the jury that "appreciable" means "sufficient to be recognized and estimated." The jury was released to resume deliberations. Approximately one minute later, it sent another note to Judge Albright asking: "What do we do in case we don't come to a unanimous decision?" After discussing with the attorneys outside the jury's presence how to answer the question, Judge Albright told jurors to "follow all of my previous instructions" since they had not yet indicated that they were deadlocked and it was only a "hypothetical question." Neither attorney objected. Judge Albright then released the jury to resume deliberations. Soon thereafter, the jury returned a guilty verdict. The trial court sentenced defendant to 12 months imprisonment but suspended his sentence and placed him on 18 months of supervised probation. Defendant timely appeals.

**Standard of Review**

If a defendant objects to an alleged improper jury instruction, on appeal, this Court must

> consider[] a jury charge contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed. The party asserting error bears the burden of showing that the jury was misled or that the verdict was affected by an omitted instruction. Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be

demonstrated that such error was likely, in light of the
entire charge, to mislead the jury.

*State v. Bettis*, 206 N.C. App. 721, 727, 698 S.E.2d 507, 511-12 (2010). However,

generally, if the defendant does not object or fails to satisfy N.C. R. App. P. 10(a)(2),

the defendant is limited to a showing of plain error on appeal. *State v. Odom*, 307

N.C. 655, 661, 300 S.E.2d 375, 378 (1983).

> For error to constitute plain error, a defendant must
> demonstrate that a fundamental error occurred at trial. To
> show that an error was fundamental, a defendant must
> establish prejudice—that, after examination of the entire
> record, the error had a probable impact on the jury's
> finding that the defendant was guilty.

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations

and quotation marks omitted).

**Analysis**

Defendant first argues that Judge Albright gave an improper jury instruction

on the requirement of jury unanimity. Specifically, defendant contends that the

"alteration of the instruction [on jury unanimity] [that the trial court] had agreed to

give misled the jurors into believing that they must reach a verdict" and,

consequently, "coerced a verdict."

On appeal, defendant cites *State v. Ross*, 322 N.C. 261, 367 S.E.2d 887 (1988),

*State v. Paulski*, 319 N.C. 562, 356 S.E.2d 319 (1987), and *State v. Keel*, 333 N.C. 52,

423 S.E.2d 458 (1992), for the proposition that no objection was necessary to preserve

this issue for appeal. Thus, defendant denies that he must show plain error.

However, the cases defendant relies upon are inapposite and have been distinguished

by our Supreme Court because in each of those cases, unlike this case, the defendant

had requested a specific instruction. *State v. Allen*, 339 N.C. 545, 553-55, 453 S.E.2d

150, 154-55 (1995*), overruled on other grounds by State v. Gaines*, 345 N.C. 647, 483

S.E.2d 396 (1997). The *Allen* Court explained:

> Rule 10(b)(2)[2] of the North Carolina Rules of Appellate
> Procedure mandates the procedure for preserving jury
> instruction questions for appeal. It states:
>
> A party may not assign as error any portion of the jury
> charge or omission therefrom unless he objects thereto
> before the jury retires to consider its verdict, stating
> distinctly that to which he objects and the grounds of his
> objection; provided, that opportunity was given to the party
> to make the objection out of the hearing of the jury, and, on
> request of any party, out of the presence of the jury.

*Id*. at 553, 453 S.E.2d at 154-55. The *Allen* Court then discussed in

detail the procedural facts of *Ross*, *Paluski*, and *Keel* and noted as

follows:

> In all of these cases the trial court agreed to give specific,
> requested instructions but then either omitted the
> instruction entirely or gave one which differed from the
> requested instruction. As we previously have stated, "[t]he
> purpose of Rule 10(b)(2) is to encourage the parties to
> inform the trial court of errors in its instructions so that it
> can correct the instructions and cure any potential errors
> before the jury deliberates on the case and thereby
> eliminate the need for a new trial. *State v. Odom*, 307 N.C.
> 655, 660, 300 S.E.2d 375, 378 (1983). . . . When the trial

---

[2] Under the 2009 amendments to the Rules of Appellate Procedure, the former Rule 10(b)(2) is now Rule 10(a)(2).

court in those cases failed to give the instruction or gave a different instruction from that specifically requested, we considered the purpose of Rule 10(b)(2) fulfilled because the trial court had the opportunity to instruct in the manner the parties perceived as unobjectionable.

In contrast, here the State made a general request for an instruction on aiding and abetting as a theory of guilt of first-degree murder. Defense counsel did not object when the court decided to give an instruction and did not make a specific request as to the form of the instruction. Thus, the trial court never was made aware of a specific instruction sought by the parties. After the court gave its instructions on aiding and abetting, defense counsel again did not object. Because defense counsel did not object to the instructions the court decided to give, the court never had the opportunity to cure any perceived errors in the instructions. Under these circumstances, the spirit and purpose of Rule 10(b)(2) are not met. We therefore consider this question not preserved for appeal.

Because this question is not preserved for appeal, we may review it only for plain error.

*Id*. at 554, 453 S.E.2d at 155.

*Allen* is controlling here. In this case, at the formal charge conference, the trial court proposed giving pattern jury instruction N.C.P.I.-Crim. 101.35 which states, in pertinent part: "All twelve of you must agree to your verdict. You cannot reach a verdict by majority vote." Judge Albright slightly altered the pattern jury instruction by instructing: "All 12 jurors must agree unanimously. You may not render a verdict by majority vote." However, as in *Allen* but in contrast to *Keel*, *Montgomery*, and *Ross*, there is no indication that defendant made any specific request as to the form of this instruction nor objected when it was given. Although

the trial court noted in the formal charge conference that there had been "previous discussions" in an "informal, off the record charge conference," defendant has not put forth any evidence that he either specifically requested a jury unanimity instruction or made any specific request to the form of the instruction. Consequently, since defense counsel did not object after Judge Albright gave the slightly altered instruction, defendant failed to satisfy Appellate Rule 10(a)(2), formerly Rule 10(b)(2) as discussed above, and must show plain error, *State v. McNeil*, 350 N.C. 657, 691, 518 S.E.2d 486, 507 (1999).

Furthermore, since defendant failed to specifically and distinctly allege plain error in his brief, he waived his right under Appellate Rule 10(a)(4) to have this issue reviewed for plain error, and we dismiss this argument on appeal. *See State v. Ferebee*, 177 N.C. App. 785, 789, 630 S.E.2d 460, 463 (2006); *see also State v. Ray*, 364 N.C. 272, 278, 697 S.E.2d 319, 322 (2010) (concluding that "the Court of Appeals erred by reaching the merits of defendant's arguments on this issue" when defendant failed to argue plain error on appeal).

Next, defendant contends that the trial court misinstructed the jury on the definition of "appreciable." As discussed *supra*, because defendant objected to the trial court's proposed instruction on the definition of "appreciable," this issue has been preserved for appeal, and we review to determine whether the "jury was misled or that the verdict was affected by an omitted instruction." *See Bettis*, 206 N.C. App. at 727, 698 S.E.2d at 511-12.

"When a judge undertakes to define the law, he must state it correctly, and if he does not, it is prejudicial error sufficient to warrant a new trial." *State v. Hairr*, 244 N.C. 506, 509, 94 S.E.2d 472, 474 (1956). In deciding on what definition to provide the jury, Judge Albright relied this Court's decision in *State v. Harrington*, 78 N.C. App. 39, 45, 336 S.E.2d 852, 855 (1985), which defined "appreciable" as "sufficient to be recognized and estimated, for a proper finding that defendant was impaired." In *Hairr*, our Supreme Court noted that, to sustain a conviction for DWI, the State must show more than that

> a defendant drove an automobile upon a highway within the State when he has drunk a sufficient quantity of intoxicating liquor to affect however slightly his mental and physical faculties. The State must show that he has drunk a sufficient quantity of intoxicating liquor to cause him to lose normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of these faculties.

*Hairr*, 244 N.C. at 510-11, 94 S.E.2d at 475 (internal quotation marks omitted). *Hairr* stands for the proposition that "appreciable impairment" means that the effects of the substance on a defendant's faculties must be apparent, identifiable, and large enough to be noticed, i.e., recognizable and able to be estimated. Because Judge Albright's instruction on the definition of "appreciable" corresponds with the definition found in our caselaw, and thus properly "define[d]" the law, *see id.*, defendant is unable to show that the instruction misled the jury. Consequently, defendant's argument is without merit.

Next, defendant contends that the trial court erred in refusing to give defense counsel's requested clarification that "appreciable impairment" does not include "slight" effects. Specifically, defendant argues that because a slight effect could still be "sufficient to be recognized and estimated," the trial court should have clarified its definition of "appreciable."

"[T]his Court reviews jury instructions contextually and in their entirety." *State v. Crow*, 175 N.C. App. 119, 127, 623 S.E.2d 68, 73 (2005). Here, the trial court's instructions on DWI, when read in totality, establish that jurors could not find defendant guilty without finding that the marijuana and methadone had more than a slight or negligible impact on defendant's faculties. Defendant's mental or bodily faculties must have been recognizably impaired. Furthermore, the undisputed evidence at trial tended to show that defendant admitted to smoking marijuana and using methadone that morning, both of which constitute impairing substances. As to defendant's level of impairment, Trooper Stewart testified that, during the walk and turn test—one of the standardized field sobriety tests used by law enforcement to determine whether a person is impaired—defendant failed to do the turn correctly and then stopped to get his feet back in order. During the one-legged stand test, defendant put his foot down and swayed while trying to remain balanced. Finally, during the Romberg Balance test, defendant had a noticeable front-to-back sway and eyelid tremors, a typical indication of marijuana usage. Overall, Trooper Stewart testified that defendant appeared to be very nervous, rubbed and scratched his face

throughout the encounter, was overeager to cooperate, and had slow speech. Based on his training and experience, Trooper Stewart testified that defendant had consumed a sufficient quantity of marijuana and methadone to appreciably impair his mental and physical faculties. Given our contextual review of the instructions on "appreciable impairment" in totality, *see Crow*, 175 N.C. App. at 127, 623 S.E.2d at 73, and the strength of the evidence establishing defendant's impairment at trial, defendant is unable to show that the jury was misled by Judge Albright's refusal to include the proposed clarification or that the proposed instruction would have had any effect on the jury's verdict. *See Bettis*, 206 N.C. App. at 727, 698 S.E.2d at 511-12.

Finally, defendant argues that the trial court erred by declining to answer the jury's question asking: "What do we do in case we don't come to a unanimous decision?"

When the trial court indicated that it was going to tell the jury to "[f]ollow all my previous instructions" because he believed the question was only a "hypothetical" one at that time, defense counsel did not object or offer any alternative response to the question. Therefore, defendant has waived appellate review of this issue absent a showing of plain error. *McNeill*, 177 N.C. App. at 789, 630 S.E.2d at 463. Because defendant failed to allege plain error in his brief, as discussed above, we must dismiss this argument pursuant to Appellate Rule 10(a)(4).

## Conclusion

For the foregoing reasons, we conclude that the trial court's judgment was free from error.

NO ERROR.

Judges ELMORE and GEER concur.

Report per Rule 30(e).